**UNITED STATES of America, Plaintiff–Appellant,**

v.

**88.88 ACRES OF LAND, More or Less; State of California; Edward Ordway, Jr., Defendants–Appellees.**

**No. 89–15141.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1990.

Decided July 2, 1990.

Dirk Snel, United States Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Donald Pach, John D. Fairbrook, Baldassaro "Bill" DiCapo, McKinley, Gay, Keitges & Pach, Sacramento, Cal., for defendants-appellees.

Before BOOCHEVER, WIGGINS and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

The United States appeals a jury award of $1,404,190 in a condemnation proceeding and a portion of a fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Supp.1989) (EAJA). We find no merit in the government's challenges to the discretionary rulings on evidence of the district court and so affirm the money judgment for the condemnation. We publish this opinion only to address aspects of the EAJA award.

■ The statute makes an individual ineligible for attorney fees if his net worth exceeds $2 million at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B) (Supp.1989). The landowner, Edward Ordway, Jr., in his application for the EAJA award submitted figures showing the acquisition cost of the land owned by him as $43,001. The government contends that the value of the land should have been set at the figure reached by the jury of $1,404,-190, because that is the fair market value of the land.

The government is wrong. The legislative history of the EAJA states in unmistakable language: "In determining the value of assets, the cost of acquisition rather than fair market value should be used." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 15 (1980), *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984, 4994. The government attempts to invoke cases involving depreciation, e.g. *American Pacific Concrete Pipe Co. v. N.L.R.B.*, 788 F.2d 586 (9th Cir.1986). Such cases are without relevance here. It would be ironic to the point of absurdity for success by a landowner in a condemnation suit to lead to his being deprived of reimbursement.

The government has to contend that not only should the land have been valued at $1,404,190, but that the remainder of Ordway's financial statements failed to show that his wealth did not exceed the statutory maximum. The statute itself merely requires "an application for fees and other expenses which shows the party is the prevailing party and is eligible to receive an award." 28 U.S.C. § 2412(d)(1)(B) (Supp. 1989). The standard of proof is not articulated. The Supreme Court has stated that a "request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). Consequently, some informality of proof is appropriate, and the decision of the district court on the point is to be reviewed under the abuse of discretion standard. *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988).

 In the present case the financial statements as to individual properties owned by Ordway were qualified by his accountant, but the accountant then made a separate affidavit under penalty of perjury that the balance sheets reflected Ordway's "true and accurate net worth." As far as the record reveals, the government made no particular objection to the balance sheets, and the district court, as a consequence, addressed only the government's point as to the valuation of the real estate. On this record we find no basis for holding that the district court abused its discretion in finding Ordway's financial condition when the suit began to have been below the $2 million maximum.

A separate issue is presented by the district court's award of attorneys fees. The lead counsel for Ordway, Donald M. Pach, was compensated for 624.40 hours at a rate of $125 per hour. The rate was $50 over the statutory maximum. 28 U.S.C. § 2412(d)(2)(A) (Supp.1989). The court may increase the fee only if it determines "that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The statute requires that the court make find-

ings as to the existence of such special factors. *See Pierce v. Underwood*, 108 S.Ct. at 2554. Accordingly, the award of attorneys fees to Donald M. Pach must be vacated and the case remanded for determination by the district court as to whether special factors did exist.

Ordway may apply for attorneys fees and costs under the EAJA for the work on this appeal related to the evidentiary and net worth issues; and the United States may submit such opposition to this application as it finds appropriate.

AFFIRMED as to the judgment of condemnation and as to all attorneys fees except as to Donald M. Pach, as to which the case is REMANDED for proceedings consistent with this opinion.