35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHARO'S CORPORATION, d/b/a Charo's Restaurant, Petitioner,
v.
UNITED STATES of America, Respondent.
 No. 92-70807.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1994.
Decided Aug. 31, 1994.
 
 Before: BROWNING, PREGERSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We need not decide what constitutes an EAJA "application" for purposes of 5 U.S.C. Sec. 504. The ALJ accepted and considered the 600 pages of exhibits as part of Charo's' application and those exhibits establish Charo's' eligibility.[1] The ALJ treated the attorney's affidavit, which was among the 600 pages, as sufficient to show Charo's met the net worth requirement. The ALJ did not treat the president's deposition, which was also among the 600 pages of exhibits, as sufficient to show Charo's employed fewer than 500 people. See AR 1159 ("we had about 250 different employees going through that place for five years"); Id. at 1181-82 ("we had about 250 people over the last five years").
 
 
 3
 The deposition, like the affidavit, was a sworn statement. Charo's filed both documents at the same time, after the filing of the motion for attorney's fees but before the thirty day filing deadline, as additional support for the motion. Neither was contained in a formal document. The only apparent distinction is that the affidavit specifically alleged Charo's met the net worth requirement while the deposition necessarily implied though not specifically stating that Charo's employed fewer than 500 people. We conclude that the affidavit and the deposition are not rationally distinguishable as evidence that Charo's met the two requirements for eligibility. See United States v. 88.88 Acres of Land, 907 F.2d 106, 108 (9th Cir.1990) (in proving eligibility requirements "some informality of proof is appropriate." An application for " 'attorney's fees should not result in a second major litigation.' ") (citation omitted). We therefore remand for a determination of the motion on the merits.
 
 
 4
 Since the exhibits to which we have referred were timely filed and sufficient to show Charo's met EAJA's eligibility requirements, we need not decide whether the ALJ properly rejected the separate affidavit of Charo's' attorney submitted after the thirty day filing deadline which states Charo's had at all relevant times employed fewer than 500 employees.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We express no opinion as to whether the ALJ was required to accept and consider the 600 pages of exhibits as part of the "application."