**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

THE SHOOTING STAR RANCH, LLC,

        Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA; UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture; DAN GLICKMAN, Secretary of the Department of Agriculture; MICHAEL DOMBECK, Chief of the Forest Service; ELIZABETH ESTILL, Regional Forester in the Rocky Mountain Region of the Forest Service; JERRY SCHMIDT, Forest Supervisor for the Routt and Medicine Bow National Forests,

        Defendants-Appellees.

No. 99-1197

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 96-N-2225)**

---

Submitted on the briefs:

Karen Budd-Falen of Budd-Falen Law Offices, P.C., Cheyenne, Wyoming, for Plaintiff-Appellant.

Thomas L. Strickland, United States Attorney, Michael E. Hegarty, Assistant United States Attorney, Denver, Colorado, for Defendants-Appellees.

_____

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

_____

**BALDOCK** , Circuit Judge.

_____

Plaintiff The Shooting Star Ranch settled a quiet title action against various entities of the United States and then sought attorney fees and costs in the district court pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The district court denied plaintiff's claim, holding it had failed to establish that it met the financial requirements of the EAJA and thus was not a party eligible for an award of costs and fees. Plaintiff appeals. We review the judgment of the district court for abuse of discretion, *see United States v. 88.88 Acres of Land* , 907 F.2d 106, 108 (9th Cir. 1990), and affirm. [1]

_____

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In order to qualify as a "party" under the EAJA for purposes of an award, plaintiff had to establish that, at the time the civil action was filed, its net worth did not exceed $7,000,000 and it employed not more than five hundred employees. *See* 28 U.S.C. at § 2412(d)(2)(B). In an attempt to carry this burden, plaintiff submitted an unsworn, unverified letter from its certified public accountant stating that plaintiff's net worth was between $1,500,000 and $1,800,000. Appellant's App. at 19. The government challenged this assertion as inadequate to establish plaintiff's net worth at the time the action was filed. Appellees' Supp. App. at 52. Plaintiff was granted leave to file a reply, which it did. The exhibits submitted with the reply, however, dealt with various corporate matters pertinent to plaintiff, but did not bolster the mere letter from plaintiff's accountant on the issue of net worth. [2]

---

[2] On appeal to this court, plaintiff requests leave under Fed. R. App. P. 10(e) to supplement the record with an affidavit as to its value and with various income tax documents. Rule 10(e) allows supplementation of the record by a circuit court when material evidence is omitted in the record either by error or accident. *See* Fed. R. App. P. 10(e)(2). Plaintiff does not argue that the omission of the material it now seeks to present was the result of either error or accident. "Rule 10(e) allows a party to supplement the record on appeal but does not grant a license to build a new record." *United States v. Kennedy*, No. 98-1421, 2000 WL 1352891, at *2 (10th Cir. Sept. 20, 2000) (quotation omitted). This court will not consider evidence not presented before the district court. *See id.*

Plaintiff's citation to *Martinez v. Mafchir*, 35 F.3d 1486, 1492 n.6 (10th Cir. 1994) is inapposite. In *Martinez*, the defendants did not oppose the plaintiff's motion to supplement, and the additional evidence did not affect the

(continued...)

It is clear from the legislative history of the EAJA that Congress intended to provide for the recovery of costs and fees to insure that entities "'not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in securing the vindication of their rights.'" *D'Amico ex rel. NLRB v. Industrial Union of Marine & Shipbuilding Workers of Am.*, 630 F. Supp. 919, 922 (D. Md. 1986) *(quoting* H.R. Rep. No. 99-120, at 4 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 132-33.) The effort to secure such an award, however, should not result in a second major piece of litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

While the EAJA itself fails to define "net worth" or explain how such a calculation should be arrived at, the Committee Reports accompanying the EAJA establish that "net worth" is to be "calculated by subtracting total liabilities from total assets." H.R. Rep. No. 96-1418, at 15 (1980) *reprinted in* 1980 U.S.C.C.A.N. 4984, 4994; *see also American Pac. Concrete Pipe Co. v. NLRB*, 788 F.2d 586, 590 (9th Cir. 1986) (*quoting* S. Rep. No. 96-253, at 17 (1979)). Further, generally accepted accounting principles apply to the net worth inquiry. *See id.* at 591. Thus, while Congress clearly intended to grant relief to qualifying

---

[2](...continued)
correctness of the district court's decision. *See id.*

parties, the means by which a claimant establishes qualification is still an evidentiary process.

When challenged as to eligibility for an EAJA award, the party seeking such an award must do more than make a bare assertion that it meets the statutory criteria. Here, plaintiff's sole evidence regarding its net worth is an unverified and unsworn letter from its accountant. It is not possible to calculate net worth by subtracting total liabilities from total assets based merely on the accountant's letter. Especially in the face of a challenge by the government, such evidence cannot, without more, establish plaintiff's net worth.

Plaintiff argues that the government should have been required to present evidence refuting plaintiff's net worth assertion before plaintiff could be required to come forward with more evidence. We do not reach that question here because plaintiff did not even produce an affidavit of its net worth when faced with a challenge by the government and despite being given the opportunity to supplement the record by the district court. We have found no cases where a mere assertion in an application, without more, withstood a challenge as to net worth by the government.

Here, plaintiff has failed to produce even an affidavit in the district court on an issue on which it had the burden of proof. *See Pate v. United States*, 982 F.2d 457, 459 (10th Cir. 1993) (discussing statute, 26 U.S.C. § 7430, that

incorporates EAJA requirements);    *see also Estate of Woll ex rel. Woll v. United States* , 44 F.3d 464, 470 (7th Cir. 1994) (party seeking EAJA award bore burden of establishing that it met net worth requirements).  On this record, we cannot say that the district court abused its discretion in denying plaintiff "party" status for purposes of the EAJA.

Plaintiff-Appellant's motion to supplement the record is DENIED.  The judgment of the United States District Court for the District of Colorado is AFFIRMED.