In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3326

GEORGE SOSEBEE,

*Plaintiff-Appellant,*

*v.*

MICHAEL J. ASTRUE, Commissioner
of Social Security,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 0001—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED APRIL 30, 2007—DECIDED JULY 17, 2007

Before ROVNER, WOOD, and SYKES, *Circuit Judges.*

WOOD, *Circuit Judge.* In 1995, George Sosebee stopped receiving medical care for hepatitis, among other serious physical ailments, because he lacked insurance and could not afford further treatment. Even though he was suffering from severe physical problems, in 1998 he returned to work because he "desperately needed money for medical care"; he earned less than $5,000. Sosebee and his wife are both currently unable to work. They do not own a home; instead, they rent an apartment. Sosebee performs some household chores out of necessity because his wife cannot, but he must use his wife's wheelchair to move around. Despite this uncontradicted evidence,

the district court ruled that Sosebee failed to show his net worth did not exceed $2,000,000. It therefore denied his application for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Although it did not say so in so many words, the court must have concluded that the circumstantial evidence of net worth that Sosebee provided was insufficient to show that his assets were below the statutory limit. This conclusion was problematic to start with, and became entirely untenable when Sosebee offered to supplement the record through motions under Rules 59(e) and 60(b). We therefore reverse and remand for further proceedings consistent with this opinion.

**I**

Sosebee filed his original petition for social security disability benefits in 1995. He was unsuccessful initially, but on appeal in 2002, the district court remanded the case to the Social Security Administration ("SSA") for rehearing. At that time, Sosebee submitted an application for attorneys' fees pursuant to EAJA, which the district court granted. SSA denied Sosebee's application again in 2004, and Sosebee appealed again to the district court. As before, the district court remanded the case to SSA, and Sosebee filed another application for attorneys' fees. The Commissioner of Social Security opposed the motion. (At the time, the Commissioner was a woman. She has since been replaced by a man; for convenience, we use the gender of the incumbent Commissioner in this opinion.) The Commissioner's primary argument was that the amount of Sosebee's fee request was unreasonable. He added, however, that Sosebee had not shown that he was eligible for EAJA fees because he had not provided enough evidence to prove that his net worth did not exceed $2,000,000.

In his reply to the Commissioner's opposition brief, Sosebee stated that his net worth did not exceed $2,000,000 at the time the civil action was filed, adding "Sosebee did not specifically plead this in his initial EAJA application, it was implied in Plaintiff's Memorandum in Support of Summary Judgment." Sosebee also pointed (with appropriate citations) to evidence in the record that supported his representation, including his inability to afford medical care in 1995, his lack of medical insurance, his lack of income during the relevant time period, and his lack of any significant assets.

The district court denied Sosebee's application for EAJA fees on April 28, 2006. The court explained that "Sosebee has not provided the court with documentation concerning his net worth and he has not shown why he was unable to do so." Sosebee promptly filed a motion to amend the judgment under FED. R. CIV. P. 59(e) and a motion for relief under FED. R. CIV. P. 60(b), attaching an affidavit with details about his net worth. (The Rule 60 motion was technically premature in light of the Rule 59 motion. See *Kapco Mfg. Co. v. C&O Enterprises, Inc.*, 773 F.2d 151, 153-54 (7th Cir. 1985). We disregard the Rule 60 motion in the remainder of this opinion.) In the Rule 59 motion, Sosebee argued that governing caselaw indicated that it was enough for him to provide the details about his net worth in his reply brief to the Commissioner's opposition brief to his application, or at the very least the law was unclear at the time he made his application and thus the evidence he had tendered with the motion should be accepted. Sosebee's new affidavit left no doubt that he qualified for fees:

> May 1, 2006
>
> I George Sosebee declare that I am the plaintiff in this civil case for disability. I also declare the following information is the truth to [the] best of my knowledge.

I have been on SSI Disability since December 2003. My wife does not work and she also receives SSI. I received $1,418.00 a month SSI and my wife receives $1,063.00 a month. We have no other income and I have not worked since 2002. I never had two million in assets and do not expect to inherit any assets in the future. I do not have any stocks, IRA, properties, retirement plans, saving accounts. I have not received any gifts or moneys.

My assets are: furniture, clothes, 1998 Chevy Malibu and a life insurance policy - $5,000. In December 2004 I had $1,555 in a checking account to start and $12.80 as the ending balance. In 2004 I received a $1,260.00 a month from SSI. I live in an apartment complex and pay $645 a month, plus utilities.

Truly;

<signed George Sosebee>

George Sosebee

The district court was unmoved, denying the Rule 59(e) motion on its merits on June 27, 2006. (The court also denied Sosebee's Rule 60(b) motion as untimely on that date (although it was actually premature), and denied his second Rule 60(b) motion on September 5, 2006.) Sosebee filed his notice of appeal on August 28, 2006.

## II

There are two issues in this case that require our attention: whether the statements made in Sosebee's reply brief in support of his EAJA fees application satisfied his obligations under the EAJA to show his net worth; and whether the district court abused its discretion in denying Sosebee's Rule 59(e) motion. We take them in turn.

This court reviews a district court's decision to award or deny attorneys' fees under the EAJA for abuse of discretion. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078 (7th Cir. 2000). If the district court reached its conclusion because of its interpretation of relevant law, however, then we review that question of law *de novo* because a district court's application of an erroneous view of the law is by definition an abuse of discretion. *Boyd v. Ill. State Police*, 384 F.3d 888, 897 (7th Cir. 2004).

First, we must identify the source of Sosebee's obligation to prove his net worth. The statute with which we are dealing is § 2412(d)(1)(B), which reads as follows:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Also relevant is § 2412(b)(2)(B), which defines the term "party" itself in relevant part as "an individual whose net worth did not exceed $2,000,000 at the time the suit was filed." In *Scarborough v. Principi*, 541 U.S. 401 (2004), the Supreme Court had this to say about the way these provisions should be understood:

Relevant here, EAJA authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). In a further provision, § 2412(d)(1)(B), the Act prescribes the timing and content of applications seeking fees authorized by § 2412(d)(1)(A). Section 2412(d)(1)(B) specifies as the time for filing the application "within thirty days of final judgment in the action". In the same sentence, the provision identifies the application's contents, in particular, a showing that the applicant is a "prevailing party" who meets the financial eligibility condition (in this case, a net worth that "did not exceed $2,000,000 at the time the . . . action was filed," § 2412(d)(2)(B)); and a statement of the amount sought, with an accompanying itemization.

541 U.S. at 405. Although § 2412(d)(1)(A) does not expressly incorporate the financial eligibility details to which the Court referred, which as it noted are found within the definition of the term "party" found in § 2412(d)(1)(B), the Court construed the reference to the need to show "eligibility" in the former statute to incorporate the financial limitations. See also *Bazalo v. West*, 150 F.3d 1380, 1384 (Fed. Cir. 1998) (noting that "[t]he additional requirement of net worth . . . is not separately enumerated in the statute, but subsumed within the definition of 'party'").

This court had already held, years earlier, that "the party seeking to recover its litigation costs . . . [bears] the burden of establishing that it [meets] the net worth limitations of the EAJA". *Woll v. United States*, 44 F.3d 464, 470 (7th Cir. 1994). Neither we nor the Supreme Court in *Scarborough*, however, had to focus on what a party needs to do in order to satisfy that obligation. The

question we must address is thus whether Sosebee satis-factorily showed both that he prevailed and that he met the financial eligibility criteria of § 2412(d)(2)(B).

Somewhat surprisingly, no standard practice or rule for fee petitions seems to have developed. (This may be because, in the overwhelming majority of Social Security cases, it is plain from the record that the plaintiff's net worth is nowhere near the $2,000,000 mark.) In *Comm'r, INS v. Jean*, 496 U.S. 154 (1990), the Supreme Court summarized the requirements for a fee application as follows:

> [E]ligibility for a fee award in any civil action re-quires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substan-tially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be sub-mitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

496 U.S. at 158. The only question at issue in *Jean*, however, was whether the position of the Government was substantially justified. The Court therefore had nothing to say about what the applicant had to present in order to show that she was a "prevailing party." At least one court dispensed with the need for a party to reiterate that she meets the financial criteria, when that was otherwise apparent from evidence in the record. See, *e.g.*, *Hirschey v. Fed. Energy Regulatory Comm'n.*, 760 F.2d 305, 309 n.19 (D.C. Cir. 1985) (concluding that "[t]here is no serious question here that, according to record documents, [plaintiff] meets the financial qualifications specified in 28 U.S.C. § 2412(d)(2)(B)" with no further discussion of the plaintiff's satisfaction of the net worth requirement).

This was the route that Sosebee took in his initial application for fees. When the Commissioner, in passing,

questioned whether he met the net worth requirements in his opposition brief, Sosebee replied with record citations that he believed supported his eligibility. The district court rejected this showing as inadequate, and went on in its rulings on the Rule 59 and Rule 60 motions to demand concrete information on the net worth question.

Insofar as the district court was saying that an affidavit of net worth would be an efficient way of presenting evidence on the point, we agree with it. Indeed, applicants for fees and their counsel would be well advised to submit such an affidavit in every case, to avoid the kind of litigation we have here. Nevertheless, there is nothing magical about an affidavit if other competent evidence in the record supports a finding that the applicant qualifies as a "party"—meaning that his or her net worth does not exceed $2,000,000.

Cases interpreting the EAJA's requirements have not been as specific as they perhaps should have been on this point, as Sosebee points out. Courts have interpreted the statute to require varying levels of supporting evidence, depending on whether the applicant is a corporation or individual and whether there is a serious doubt about the applicant's eligibility. The Tenth Circuit has said that "[w]*hen challenged* as to eligibility for an EAJA award, the party seeking such an award must do more than make a bare assertion that it meets the statutory criteria," and in that setting it found insufficient "an unverified and unsworn letter from [the party's] accountant." *Shooting Star Ranch, LLC v. United States*, 230 F.3d 1176, 1178 (10th Cir. 2000) (emphasis added). The Ninth Circuit has commented that "the standard of proof is not articulated [but] the Supreme Court has stated that a 'request for attorney's fees should not result in a second major litigation.' Consequently, some informality of proof is appropriate." *United States v. 88.88 Acres of Land*, 907 F.2d 106, 108 (9th Cir. 1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

The Court of Federal Claims (a trial-level Article I court, see 28 U.S.C. § 171) has found inadequate a party's unsupported statement that he satisfied the EAJA net worth requirement, but in that case there was contradictory evidence in the record about the plaintiff's net worth. *Doe v. United States*, 54 Fed. Cl. 337, 343 (Fed. Cl. 2002). The court undoubtedly saw a red flag when "the underlying cause of action began with the assertion that plaintiff was 'a prospective buyer' of a yacht." *Id.* See also *Fields v. United States*, 29 Fed. Cl. 376, 383 (Fed. Cl. 1993) (holding that a conclusory affidavit without supporting evidence is inadequate to establish net worth). By contrast, the Federal Circuit (which, of course, hears appeals from the Court of Federal Claims, see 28 U.S.C. § 1295(a)(3)) has quoted approvingly the Court of Appeals for Veterans' Claims standard that a party satisfies the EAJA by stating in the fee application that "the applicant's net worth, at the time of filing the appeal, did not exceed $2,000,000 or by filing a reference to an *in forma pauperis* ruling." *Bazalo*, 150 F.3d at 1381-82.

Our own court has held, and we reaffirm, that "[t]he proceeding to recover fees under the [Equal Access to Justice] Act is intended to be summary; it is not intended to duplicate in complexity a public utility commission's rate of return proceeding." *Cont'l Web Press, Inc. v. NLRB*, 767 F.2d 321, 323 (7th Cir. 1985). The EAJA is meant to open the doors of the courthouse to parties, not to keep parties locked in the courthouse disputing fees well after the resolution of the underlying case. The EAJA's requirements must be interpreted accordingly.

The Commissioner is correct that Sosebee's net worth must meet the statutory requirements as of the date Sosebee commenced his suit in district court, which is January 2005. He had the burden of showing this by the normal civil standard of proof, which is to say by a prepon-

derance of the evidence. See *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 (1983). Although his initial application may have been conclusory, when the Commissioner challenged him on this point he identified evidence in the record that supported him. Reviewing the materials on which he relied and even ignoring the additional facts contained in his supplemental affidavit, we conclude that no reasonable factfinder could find that Sosebee's net worth as of January 2005 exceeded $2,000,000. That record included several key facts about Sosebee's recent income, healthcare, and living situation, and it also had the 2001 and 2002 district court findings that Sosebee was eligible to proceed *in forma pauperis* and that he was eligible for an EAJA attorneys' fees award.

In denying Sosebee's EAJA application, the district court either applied an impermissibly high standard of proof or it improperly exalted form over substance. The court asserted that it "need not draw inferences" from the evidence, but this is exactly what factfinders do. Drawing inferences is not the same thing as speculation. Indeed, nothing but wild speculation would have supported a finding that Sosebee was worth more than $2,000,000. Nowhere in his brief does the Commissioner seriously suggest that Sosebee does not meet the EAJA's net worth requirement. Sosebee did not stand silent in response to the Commissioner's challenge to his net worth, as in *Woll*, 44 F.3d at 470. When challenged, he replied with specific, uncontradicted evidence in the record. Taken as a whole, Sosebee's proof of financial eligibility, while informal, was adequate. *88.88 Acres of Land*, 907 F.2d at 108 (quoting *Hensley*, 461 U.S. at 437). The district court abused its discretion in concluding otherwise.

**III**

Even if one were to conclude that the court's initial decision lay within the bounds of discretion, that cannot be said about its denial of Sosebee's Rule 59(e) motion. To the extent that a Rule 59(e) motion is based on new evidence, the decision whether to grant or deny it is reviewed for abuse of discretion. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). To the extent that the movant raises a question of law, we will review the district court's decision *de novo*. Sosebee's motion presented "newly discovered evidence that was not available at the time of trial . . . [and] pointed to evidence in the record that clearly establishes a manifest error of law or fact." *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006) (internal citations and quotation marks omitted).

Rule 59(e) motions offer district courts an opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good. The district court here rejected Sosebee's motion because it thought that Sosebee was relying on information that "he could . . . have presented . . . to the court earlier." Perhaps if Sosebee had held back on arguments that were available to him, this point would have some force. But the rejected arguments and facts were not being presented to the court for the first time. With the exception of Sosebee's affidavit, all of the other support he offered on the issue of his net worth in his Rule 59(e) motion was already in the record. Sosebee's Rule 59(e) motion asked the district court to correct the error it made when it ignored that evidence. See *In re Prince*, 85 F.3d at 324 (reviewing the "evidence in the record" brought to the district court's attention in a Rule 59(e) motion although not finding abuse of discretion).

Faced with imprecise standards and an unexpected application of the law by the district court, Sosebee

properly made a Rule 59(e) motion. Sosebee's motion told the district court why he could not have made a better argument originally, through no fault of his own, as he had no warning that the district court was going to apply a much more stringent standard to the eligibility question than other courts have used in the past. Then Sosebee attached his affidavit, showing his willingness and ability to comply with the standard the court had adopted. We agree with the Eleventh Circuit that some device for correction of insufficient detail on net worth must be available. In a case similar to ours, that court held that the failure to plead net worth should not be fatal to an EAJA attorneys' fees application:

> Based on the stated purpose of Congress in enacting and extending the EAJA, we conclude that Congress did not intend the EAJA application process to be a high stakes gamble in which one pleading failure, such as neglecting to assert that one's net worth did not exceed $2,000,000 at the time the suit was filed, completely forecloses a litigant's opportunity for EAJA fees.

*Singleton v. Apfel*, 231 F.3d 853, 858 (11th Cir. 2000). We conclude that the district court's rejection of Sosebee's Rule 59(e) motion was also an abuse of discretion.

## IV

In light of our conclusions with respect to Sosebee's initial application and his Rule 59(e) motion, we have no need to reach his arguments about the Rule 60(b) motions. (In fact, we lack jurisdiction over the second Rule 60(b) motion, which was decided after Sosebee filed his notice of appeal in this court. His failure to file a separate notice of appeal from that action means that it is not before us. See *Goffman v. Gross*, 59 F.3d 668, 673 (7th Cir.

1995)). Knowing Sosebee's history of more than a decade of disability, his inability to afford medical care, and his marginal ability to care for himself and his family, the district court should have found that Sosebee satisfied the EAJA's net worth requirement. At the very least, when Sosebee called the court's attention to the relevant evidence in the record and furnished his affidavit, the court should have granted Sosebee's Rule 59(e) motion. We REVERSE the judgment of the district court and REMAND for further proceedings in accordance with this opinion. Circuit Rule 36 shall apply on remand.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*