NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 19, 2012[*]
Decided September 20, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3541

| | |
|---|---|
| CALVIN L. MERRITTE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 C 5163 |
| THOMAS TEMPLETON, et al., | |
| *Defendants-Appellees*. | Samuel Der-Yeghiayan, *Judge*. |

### O R D E R

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

        The district court dismissed Calvin Meritte's civil-rights lawsuit on the ground that he failed to pay a filing fee or show that he was unable to pay. The court also denied Merritte's post-judgment motion to vacate the dismissal. Merritte appeals; because Merritte told the district court that he received over $5,000 after he filed suit but had no financial obligations, it permissibly concluded that Merritte was able to afford the filing fee, so we affirm the judgment.

        In 2010 Merritte attempted to file a complaint under 42 U.S.C. § 1983 alleging that police officers and employees at a state jail had violated his constitutional rights. He attached an application to proceed in forma pauperis, *see* 28 U.S.C. § 1915(a)(1), but the district court denied that application because Merritte failed to provide a certified copy of the account statement from his prison trust-fund, *see id.* § 1915(a)(2). In its order denying the application, the court also warned Merritte that his case would be dismissed if he did not pay a $350 filing fee or provide a completed pauper application within five weeks. Over the next several weeks, the district court received letters from Merritte reporting that he had been transferred between prisons and had not yet received any information regarding his complaint. But Merritte did not pay the filing fee or submit another pauper application, and seven weeks after its warning, the court dismissed his case.

        Two weeks later Merritte asked the district court to vacate the dismissal and give him more time to apply for pauper status. He explained that he had only just learned of the court's order from two months earlier denying his application. But three days later, before the district court had resolved his motion, Merritte appealed the court's dismissal of his case. We noted that the appeal would be premature if Merritte's post-dismissal filing in the district court was a timely motion under Federal Rule of Civil Procedure 59(e), and we asked Merritte to address the issue. After seeing our order, the district court construed Merritte's filing as a Rule 59(e) motion and gave him more time to pay the filing fee or submit a complete application. We then suspended briefing in Merritte's appeal and ordered him to report to us the disposition of his Rule 59(e) motion.

        Three days after the district court gave him this additional chance to revive his case, Merritte filed a motion that cited Federal Rule of Civil Procedure 60(b) and again asked the court to vacate the dismissal of his case. The district court denied that motion, explaining that it had already given Merritte an opportunity to submit another application and that he still had more time to reapply or pay the filing fee. Merritte, however, told us in a status report that his "Motion For Relief" had been denied. Believing that he was referring to his Rule 59(e) motion, we resumed briefing in this appeal because a denial of a Rule 59(e) motion makes effective an earlier-filed notice of appeal. *See* FED. R. APP. P. 4(a)(4)(B)(I).

The district court denied Merritte's Rule 59 motion shortly after we resumed briefing in this appeal, and five months before he filed his appellate brief. Merritte submitted a second pauper application that included his prisons' account statements, as the district court had requested. But the court denied his application because it showed that during most of the 15 months since he filed suit, Merritte *was* able to pay a filing fee. The court explained that Merritte had reported receiving $4,721.00 in gifts and $830.97 from a lawsuit settlement over the past year and that as a prisoner he is relieved from having to spend this money on the necessities of life. *See Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987). For these reasons, the district court also denied his Rule 59(e) motion.

On appeal Merritte argues that the court abused its discretion by denying his post-dismissal motion to reinstate the case. He reasons that the court should have given him more time to file another pauper application because he did not receive the order denying his first application until almost two months after it was issued.

Even if Merritte did not timely receive the original order denying his application, the district court properly denied his Rule 59(e) motion. After Merritte filed that motion, the court *did* give him another chance to file a second application, and after Merritte filed it, the court considered it on the merits. Moreover the court did not abuse its discretion, *see Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011), in denying his Rule 59(e) motion or the second application. A litigant wishing to proceed in forma pauperis must show that he is unable to pay required filing fees. 28 U.S.C. § 1915(a)(1); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Courts have wide discretion to decide whether a litigant is impoverished, *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004), and a court must dismiss a case if it determines any time during the suit that the plaintiff's allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A). Here, in the papers that accompanied his second application to proceed in forma pauperis, Merritte reported that over the past year while his suit was pending he received more than $5,500. He did not list *any* financial obligations. Merritte mentioned that he "contribute[s] what [he] can" to his sister and his daughter's caretaker, but he did not specify the extent of that charity. And the only withdrawals for their benefit that we can discern from his account statements are a $515.44 payment Merritte made for his sister's "rent and phone bill" and a $30 check paid to the caretaker that was later cancelled. The vast majority of Merritte's funds were paid to prison commissaries. Under these circumstances, the district court was permitted to withhold the privilege of proceeding without prepaying a filing fee. *See Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997) ("If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, he has demonstrated an implied evaluation of that suit that the courts should be entitled to honor.") (internal quotation marks omitted).

Merritte also appears to believe, incorrectly, that this appeal covers the denial of his Rule 60(b) motion. Although the denial of his timely Rule 59(e) motion does not require a notice of appeal separate from the underlying dismissal, *see Borrero v. City of Chicago*, 456 F.3d 698, 700 (7th Cir. 2006), the denial of a Rule 60(b) does, *Sosebee v. Astrue*, 494 F.3d 583, 590 (7th Cir. 2007), so this appeal does not extend to that latter motion.

Accordingly, we AFFIRM the judgment of the district court.