# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Issued May 8, 2015

No. 12-5297

KENNETH HASELWANDER,
APPELLANT

v.

JOHN M. MCHUGH, SECRETARY OF THE ARMY,
APPELLEE

———

On Motion for Costs and for Attorney's Fees
Pursuant to the Equal Access to Justice Act

———

Before: GRIFFITH, *Circuit Judge*, PILLARD, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*.

## **J U D G M E N T**

PER CURIAM: Upon consideration of the amended motion for costs and attorney's fees, styled as "Errata EAJA Application," the opposition thereto, and the reply; and appellant's notice in response to the court's order, ECF No. 1548628, it is

**ORDERED and ADJUDGED** that appellant's request for costs is denied because the application was filed beyond the 14-day deadline pursuant to Federal Rule of Appellate Procedure 39(d)(1). It is

**FURTHER ORDERED AND ADJUDGED** that appellant's request for attorney's fees is granted in part and denied in part for the reasons explained herein below.

On December 19, 2014, this court issued a decision vacating the order of the Army Board for Correction of Military Records ("Board") and remanding the case to the District Court with instructions to remand to the Board to consider whether to correct errors in Haselwander's military record preventing him from eligibility for the Purple Heart. *Haselwander v. McHugh*, 774 F.3d 990 (D.C. Cir. 2014). The mandate in this case was issued on February 12, 2015. Counsel filed a Motion for fees and costs on March 6, 2015, and filed an amended Motion on March 9. He seeks $33,780.27 in attorney's fees and $3,981.09 in costs.

Appellant's motion for costs and fees rests on the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which provides attorney's fees and costs to an eligible prevailing party in an action against a United States official or agency, unless the Government can show that its position was "substantially justified." *Id.* § 2412(d)(1)(A). In assessing the merits of this case, the court determined "that the Board's decision defies reason and is devoid of any evidentiary support. We therefore vacate[d] the decision because it is arbitrary and capricious." *Haselwander*, 774 F.3d at 992. There is no doubt that the Government's position in this case was not substantially justified. Therefore, the only issues before the court are whether the applications for costs and fees were timely, whether Mr. Haselwander is an eligible party for fees under EAJA, and whether the request for fees should be reduced because it is excessive or inadequately documented.

3

\* \* \* \*

Appellant's request for costs must be rejected because it is untimely. Rule 39 provides that "[c]osts for or against the United States, its agency, or officer will be assessed under Rule 39(a) only if authorized by law." Fed. R. App. P. 39(b). In order to have costs taxed, a party must file with the circuit clerk "an itemized and verified bill of costs" "within 14 days after entry of judgment." *Id.* 39(d)(1). EAJA is an express waiver of the United States's sovereign immunity, and as such it "must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983) (internal quotation marks, citations, and alterations omitted). EAJA satisfies the requirement in Rule 39(b) that "[c]osts . . . against the United States, its agency, or officer will be assessed under Rule 39(a) only if authorized by law." Rule 39, however, and not EAJA, provides the procedural requirements for an application for costs.

EAJA provides, "[e]xcept as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party . . . ." 28 U.S.C. § 2412(a)(1). EAJA contains a separate provision for obtaining "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)" that are incurred in "proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified." *Id.* § 2412(d)(1)(A). The procedural provisions of EAJA, which include the 30-day filing deadline, only apply to "[a] party seeking an award of fees and other expenses." *Id.* § 2412(d)(1)(B).

Thus, sub-section (d)(1)(A) of EAJA provides a mechanism for a party to apply for "fees and other expenses" that is separate and "in addition to" an application for costs under subsection (a)(1). "'[F]ees and other expenses' includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees . . . ." *Id.* § 2412(d)(2)(A). The omission of "costs awarded pursuant to subsection (a)" from sub-paragraph (d)(1)(B), which sets the 30-day time limit, indicates that the 30-day limit applies only to an application for attorney's fees and expenses. The statute does not provide a similar time limit for an application for costs, thus the 14-day time limit in Federal Rule of Appellate Procedure 39 applies and bars Haselwander's application for costs.

\* \* \* \*

EAJA defines a "party" for purposes of the Act as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). The Government argues that Haselwander's fee claim should be rejected because there is no "evidence" that Haselwander is worth less than $2 million. We disagree. The record in this case is adequate to show that Haselwander's net worth is less than $2 million. In addition to counsel's uncontested statement to this effect on behalf of his client, the record also includes a letter from Haselwander to Senator Lugar, in which he says, "My wife and I are just mid-level State of Indiana employees, and we cannot afford to pay for the current very high costs of college educations." Joint Appendix 80. Nothing more is necessary. *See, e.g.*, *Hirschey v. FERC*, 760 F.2d 305, 309 n.19 (D.C. Cir. 1985) (holding that "record documents" may show that a plaintiff "meets the financial qualifications

specified in 28 U.S.C. § 2412(d)(2)(B)"); *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007) (same).

Appellant is a "prevailing party" in this case. *See, e.g.*, *Shalala v. Schaefer*, 509 U.S. 292, 298–302 (1993) (holding that a petitioner who obtains reversal of an administrative order denying benefits is a prevailing party even if she has not yet successfully obtained the relief she sought from the agency). He is therefore eligible for attorney's fees. His request for fees, however, is excessive.

Appellant's counsel bases his request for fees on a total of 64.08 billable hours expended in this case, at a rate of $712.66 for himself and $464.78 for an associate. EAJA, however, caps attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). The court may adjust the rate upwards for cost of living and "special-factor enhancement[s]," *see Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 968 (D.C. Cir. 2004), but only a cost-of-living adjustment is applicable here.

Appellant's fee request lacks adequate documentation and fails to fully justify the number of hours sought. For example, too many time records lack adequate detail. *See In re Sealed Case*, 890 F.2d 451, 455 (D.C. Cir. 1989) (per curiam) ("[W]e note numerous instances of documentation and specification that do not adequately describe the legal work for which the client is being billed. This makes it impossible for the court to verify the reasonableness of the billings, either as to the necessity of the particular service or the amount of time expended on a given legal task."). This is unacceptable. *Role Models*, 353 F.3d at 973–74. "Where the documentation of hours is inadequate, [a] court may reduce the award accordingly." *Id.* at 973 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Accordingly, the hours

eligible for fees in this case will be reduced by a third to account for these deficiencies. *See, e.g.*, *id.*

The fee request is also excessive because it includes enhancements that are not authorized under applicable law. The proper rate for the eligible billable hours is $125, sans enhancements, with the rate adjusted for the cost of living in the Washington, D.C. area in the years that the work hours were performed. After the reduction in hours and adjustments, the total amount of fees awarded is $7,981.41.

The Government concedes that the appropriate fee rate is the statutory rate under EAJA, $125 per hour, adjusted by the increase in the Consumer Price Index ("CPI-U") for the Washington, D.C. area. Appellee's Opp'n to Appellant's Application for Attorney's Fees and Costs 12–13. The rate of the adjustment is calculated by dividing the CPI-U for the year the services were rendered, by the baseline CPI-U in the year that Congress set the $125 per hour cap. *See Role Models*, 353 F.3d at 969; *Porter v. Astrue*, 999 F. Supp. 2d 35, 41 (D.D.C. 2013). That year was 1996. *See* Contract with America Advancement Act of 1996, Pub. L. No. 104-121, 100 Stat. 847 (1996).

The following table shows the calculation for the adjusted rate and the number of billable hours for each year. *See Porter*, 999 F. Supp. 2d at 40 (using yearly regional consumer price index rather than monthly). The baseline CPI-U – the consumer price index in 1996 – is 100. *Id.* at 41. The table indicates the consumer price indexes for the years 2010 to 2014 reported in the Bureau of Labor Statistics Summary of Annual and Semi-Annual Indexes, available at the www.bls.gov website. The cost-of-living adjustment for each year is determined by dividing the CPI-U in the year the services were rendered by the baseline of 100. The resulting

multiplier is then applied to the statutory rate of $125 to determine the adjusted hourly rate for each of the years counsel performed billable work. Additionally, the hours requested by appellant are reduced by the fixed percentage of a third, to account for the aforementioned deficiencies in the fee application. The table shows the billable hours in each year recorded by appellant in his application, *see* Application for Attorney's Fees Ex. A, and multiplies the number of hours by 0.66. The reduced number of hours is then multiplied by the adjusted hourly rate for the year.

| Year Services Rendered | Statutory Hourly Rate | CPI-U Adjustment for Year. | Adjusted Hourly Rate | Hours Billed (reduced by 1/3) | Adjusted Rate Multiplied by Hours Billed |
|---|---|---|---|---|---|
| 2010 | $125/hr | 142.22/100 = 1.42 | $177.50 | 2.3*.66 = 1.52 | $269.80 |
| 2011 | $125/hr | 146.98/100 = 1.47 | $183.75 | 11.5*.66 = 7.59 | $1,394.66 |
| 2012 | $125/hr | 150.21/100 = 1.50 | $187.50 | 15.7*.66 = 10.36 | $1,942.50 |
| 2013 | $125/hr | 152.5/100 = 1.53 | $191.25 | 28.45*.66 = 18.77 | $3,589.76 |
| 2014 | $125/hr | 154.85/100 = 1.55 | $193.75 | 6.13*.66 = 4.05 | $784.69 |
| **Total fees awarded:** | | | | | $7,981.41 |

Appellant seeks a "special-factor enhancement" justifying a rate in excess of the statutory $125 per hour limitation. *See Role Models*, 353 F.3d at 968. This court in *Role Models* explained that the Supreme Court in *Pierce v. Underwood*, 487 U.S. 552, 572 (1988), "made clear" that a special factor "increase in the cap is justified only by work requiring specialized skills or knowledge beyond what lawyers use on a regular basis." 353 F.3d at 969. Here,

although counsel helped to achieve a good result for his client and the case arose from a special military board, this case, as was true with *Role Models*, is a "garden-variety administrative law matter." *Id.* No special enhancement in fees is due.

Finally, appellant's fee request also appears to adopt the so-called *Laffey* Matrix to enhance fees for counsel's experience. The Matrix, which has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia, is based on the hourly rates allowed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), and it sets forth hourly rates for attorneys of varying experience. United States Attorney's Office, *Laffey Matrix – 2003-2014*. It is understood, however, that this Matrix does not apply in cases in which the hourly rate is limited by statute, as is so with EAJA. 28 U.S.C. § 2412(d). *See, e.g.*, *Role Models*, 353 F.3d at 968–69 (making it clear that the statutory cap trumps with respect to fee requests under EAJA).

In light of the foregoing findings, it is hereby

**ORDERED** that appellant shall be awarded attorney's fees in the amount of $7,981.41.