NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2020[*]
Decided November 4, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1452

| | |
|---|---|
| KHALED SHABANI, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 19-cv-65-bbc |
| | |
| CITY OF MADISON, *et al.,* | Barbara B. Crabb, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

This is one of several lawsuits that Khaled Shabani brought against the City of Madison and its police officers. He asserts that, on various occasions, officers falsely arrested him, failed to intervene to prevent an officer's use of excessive force against

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

him, and retaliated against him for his prior suits. The district court entered summary judgment for the defendants, concluding that his false-arrest claim was barred by the doctrine of claim preclusion and unsupported by any evidence, and that his remaining claims also lacked evidentiary support. He filed a notice of appeal, but later moved to reopen the case so that he could submit evidence. The district court noted that Shabani neither substantiated his motion nor specified the relief he sought, so it denied the motion.

Construing Shabani's appellate brief liberally, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), we discern only one argument: that the district court's allegedly erroneous denial of his motion to reopen prevented him from introducing evidence to defeat summary judgment. But we lack jurisdiction to review this denial because Shabani filed his motion to reopen after filing his notice of appeal. His failure to file a separate notice of appeal from that decision means that we cannot review it. *See Sosebee v. Astrue*, 494 F.3d 583, 590 (7th Cir. 2007).

Otherwise, Shabani's brief fails to develop any basis for disturbing the district court's judgment. He does not specify any errors in the court's decision, nor does he engage the court's rationale for ruling against him. As we have explained, "a brief must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority." *Anderson*, 241 F.3d at 545, *see also* Fed. R. App. P. 28(a)(8)(A).

This appeal is frivolous. And it is just one among many frivolous suits that Shabani has filed in the past few years. He lost a suit in 2016 against the Madison Police Department and did not appeal. He filed two suits this year that were promptly dismissed by the district judge as frivolous, and in each the judge certified that an appeal also would be frivolous. Shabani appealed anyway, but this court agreed with the judge in each of those cases and denied his motions to proceed *in forma pauperis*. Meanwhile Shabani has filed and lost at least eight similar suits in state court. It is thus evident that he is abusing the privilege of litigating *in forma pauperis*. We now order that in all of his future civil suits—in district courts of this circuit, as well as in the court of appeals—he prepay the filing fees in full. In other words, his entitlement to litigate *in forma pauperis* is revoked because of his persistent misuse of that option.

DISMISSED