In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-1739

JENNIFER STEWART,

*Plaintiff-Appellant,*

*v.*

MICHAEL J. ASTRUE,
Commissioner of Social Security,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 2:06-cv-02074-DGB—**David G. Bernthal**, *Magistrate Judge.*

ARGUED MARCH 3, 2009—DECIDED APRIL 2, 2009

Before BAUER, KANNE, and WOOD, *Circuit Judges.*

PER CURIAM. A magistrate judge, presiding by consent, overturned the denial of Social Security disability benefits to Jennifer Stewart and remanded her case to the agency, but then denied her application for attorney's fees. The magistrate judge concluded that the Commissioner of Social Security was substantially justified in opposing Stewart's suit to overturn the denial of benefits, and thus Stewart was not entitled to an award of attor-

ney's fees. We reverse that determination and remand for entry of an award of fees.

## I. BACKGROUND

In February 2003, Stewart applied for Disability Insurance Benefits and Supplemental Security Income, claiming that she was disabled by bipolar disorder, obsessive-compulsive disorder, and fibromyalgia. After her application was denied administratively, Stewart requested a hearing before an administrative law judge. The ALJ applied the five-step analysis, *see* 20 C.F.R. § 416.920(a)-(g), and concluded that Stewart was not disabled. The ALJ first concluded that, although Stewart had previously worked as a data-entry clerk, waitress, restaurant manager, payroll clerk, and babysitter, she had not engaged in substantial gainful employment since the alleged onset of her disability. The ALJ next found that Stewart's bipolar disorder, obsessive-compulsive disorder, and fibromyalgia all constituted severe impairments, but that these impairments, individually or collectively, did not meet or equal a listing that would automatically render Stewart disabled. The ALJ chose not to credit Stewart's testimony about her alleged pain and functional limitations because, according to the ALJ, the medical record did not corroborate that testimony. The ALJ also found that the opinions of Stewart's treating physician and treating psychiatrist, who both thought that she was not capable of work-related activities, were inconsistent with other evidence and were not controlling. According to the ALJ, Stewart retained the residual functional capacity to perform work in-

volving simple, routine tasks so long as she was not required to lift more than twenty pounds at a time or carry objects weighing over ten pounds or constantly interact with co-workers. These limitations, the ALJ concluded, prevented Stewart from performing her past relevant work but not other jobs in the national economy, including those of laundry worker, sorter, and punch-board assembler. The ALJ denied Stewart's claim in November 2005, and the Appeals Council affirmed the decision.

Stewart sought review in the district court. She argued that the ALJ erred in rejecting the opinions of her treating physician and treating psychiatrist. She also maintained that the ALJ did not adequately establish that she could perform other work in the national economy. Finally, Stewart contended that the Appeals Council erred in failing to give adequate weight to new evidence submitted after the ALJ's decision.

The magistrate judge concluded that the new evidence was immaterial, since it applied to the time period after the ALJ had denied Stewart's application for benefits. In addition, the judge concluded that the ALJ had adequately explained his reasons for declining to give controlling weight to the two treating physicians' opinions. The magistrate judge agreed with Stewart, however, that the ALJ lacked a sufficient basis to conclude that she could find other work in the national economy. The judge noted that the ALJ had failed to include all of Stewart's limitations when he posed a hypothetical question to a vocational expert. The hypothetical did not mention Stewart's moderate difficulties in maintaining concentra-

tion, persistence, and pace. Furthermore, the magistrate explained, the ALJ had purportedly relied on "new and material evidence" to conclude that Stewart's residual functional capacity was even more favorable than the state agency's doctors believed, and yet in his decision the ALJ never identified what evidence supported the change. Lastly, the magistrate judge declined to rule on Stewart's assertion that the vocational expert's testimony was not consistent with the Dictionary of Occupational Titles, since additional testimony on remand would make the issue irrelevant. The magistrate judge therefore granted Stewart's motion for summary judgment and remanded the case to the ALJ for further proceedings.

Stewart then filed a petition for attorney's fees under the Equal Access to Justice Act (EAJA), which directs a court to award fees to a prevailing party in a suit against the United States unless the government's position was substantially justified or special circumstances make the award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Sosebee v. Astrue*, 494 F.3d 583, 586-87 (7th Cir. 2007); *Muhur v. Ashcroft*, 382 F.3d 653, 654 (7th Cir. 2004). The magistrate judge denied the petition; the pertinent part of the court's opinion reads in full:

> The Court has carefully reviewed the record, including its own Order. While the Court did order remand, it did not make any finding in the Order that the position of the United States was not substantially justified. In fact, a review of that Order confirms Defendant's assertion that the Court rejected several of the Plaintiff's claims of error. Even as to the point argued successfully by Plaintiff, the Court did not and does

not now feel that the position taken by the Defendant Commission of Social Security was not substantially justified, especially when the entirety of Defendant's position is considered. Accordingly, despite the reasonableness of the fees and the fact that Plaintiff was the prevailing party, Plaintiff is not entitled to fees and expenses under the Act.

## II. DISCUSSION

The EAJA provides that a district court may award attorney's fees where (1) the claimant was a "prevailing party," (2) the government's position was not "substantially justified," (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Tchemkou v. Mukasey*, 517 F.3d 506, 509 (7th Cir. 2008); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003). The Commissioner disputes only that the second prong is satisfied. A position taken by the Commissioner is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified. *See Conrad*, 434 F.3d at 990; *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). We review a district court's denial of fees under the EAJA for abuse of discretion. *Underwood*, 487

U.S. at 562; *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).

In arguing that the magistrate judge abused his discretion, Stewart first contends that the magistrate judge denied an award of fees based in part on the fact that she did not prevail on every challenge she made to the ALJ's decision. She argues that the judge unfairly penalized her for raising multiple arguments and cites *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983), for the proposition that she is entitled to fees for efforts expended on all arguments, even ones that did not prevail. We disagree. It is true that EAJA fees are not determined by the number of successful arguments, but a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified. *See Underwood*, 487 U.S. at 569; *Bricks, Inc. v. EPA*, 426 F.3d 918, 922 (7th Cir. 2005); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000). EAJA fees are appropriate when the government's litigation positions and overall pre-litigation conduct, including the ALJ's decision itself, lacked a reasonable basis in law and fact. *See Conrad*, 434 F.3d at 990; *Golembiewski*, 382 F.3d at 724. In this case, the magistrate judge—simply by properly assessing the government's conduct as a whole—did not ignore or lessen the force of its earlier remand order and thereby engage in "argument counting." Regardless of the basis of the remand order, the judge was required to look at the government's overall conduct. In other words, Stewart is incorrect in assuming that the district court could consider in its substantial-justification determination only the one successful issue discussed in

the remand order, and that its consideration of other contentions constitutes "argument counting." *See Hallmark Constr. Co.*, 200 F.3d at 1081.

Stewart's second contention, however, has traction. She argues that fees should have been awarded because the ALJ contravened longstanding agency regulations, as well as judicial precedent, both in determining her residual functional capacity and in formulating the hypothetical given to the vocational expert. We agree with Stewart on each point. As to the former, an ALJ must articulate in a rational manner the reasons for his assessment of a claimant's residual functional capacity, and in reviewing that determination a court must confine itself to the reasons supplied by the ALJ. *Getch v. Astrue*, 539 F.3d 473, 481-82 (7th Cir. 2008); *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003); *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002). Therefore the ALJ himself must connect the evidence to the conclusion through an "accurate and logical bridge." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 487-88 (7th Cir. 2007); *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006); *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). In this instance, although the ALJ did discuss the evidence that was developed after the state-agency physicians had last reviewed Stewart's medical records, the ALJ failed to specify what "new and material evidence" led him to substitute his own, more favorable assessment of Stewart's residual functional capacity for that of those physicians. For example, the ALJ mentions Stewart's ability to cook, clean, do laundry, and vacuum at her home, but those activities do not necessarily

establish that a person is capable of engaging in substantial physical activity. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 648 (7th Cir. 2007); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001); *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). The ALJ should have explained any inconsistencies between Stewart's activities of daily living and the medical evidence. *Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004); *Zurawski*, 245 F.3d at 887. The Commissioner asserts the ALJ's discussion of evidence after the physicians' last review was reasonable, even without specifying what evidence factored into his determination. This position is contrary to our repeated holding that a denial of benefits cannot be sustained where an ALJ failed to articulate the bases of his assessment of a claimant's impairment. *See Brindisi v. Barnhart*, 315 F.3d 783, 786-87 (7th Cir. 2003); *Scott v. Barnhart*, 297 F.3d 589, 595-96 (7th Cir. 2002); *Steele*, 290 F.3d at 940-41.

Likewise, the formulation of the hypothetical given to the vocational expert also contradicts judicial precedent. When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Young v. Barnhart*, 362 F.3d 995, 1003 (7th Cir. 2004); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004); *Steele*, 290 F.3d at 942; *see also Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001)*; Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996). More specifically, the question must account for documented limitations of "concentration, persistence or pace." *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004); *Young*, 362 F.3d at 1004; *Kasarsky v. Barnhart*, 335

F.3d 539, 544 (7th Cir. 2003); *Burns v. Barnhart*, 312 F.3d 113, 123 (3d Cir. 2002); *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002); *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996). The Commissioner asserts that the ALJ accounted for Stewart's limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with co-workers or the general public. We have rejected the very same contention before. In *Young v. Barnhart*, we held that a hypothetical with exactly those specifications did not adequately account for the plaintiff's medical limitations, including an "impairment in concentration." 362 F.3d at 1004. The Commissioner continues to defend the ALJ's attempt to account for mental impairments by restricting the hypothetical to "simple" tasks, and we and our sister courts continue to reject the Commissioner's position. *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (limiting hypothetical to simple, unskilled work does not account for claimant's difficulty with memory, concentration, or mood swings); *Ramirez*, 372 F.3d at 554 (hypothetical restriction to simple one or two-step tasks does not account for limitations of concentration); *Kasarsky*, 335 F.3d at 544 (constructing hypothetical question about a person with borderline intelligence does not account for deficiencies in concentration); *Smith v. Halter*, 307 F.3d 377, 380 (6th Cir. 2001) (restricting hypothetical to jobs without quotas, rather than to simple tasks, adequately addresses impairment in concentration). In fact, the Social Security Administration itself rejects that position. SSR 85-15. The Commissioner does not acknowledge these authorities or cite any contrary precedent, nor does he

explain why the hypothetical failed to include restrictions on, for example, the ability to understand instructions or respond to work pressures. *See* 20 C.F.R. § 404.1545(c). As a consequence, the vocational expert did not address these limitations when he suggested vocations such as punch-board assembler, laundry worker, or sorter. In light of this clear line of precedent, both the ALJ's hypothetical and the Commissioner's subsequent defense of that hypothetical lack substantial justification. *Young*, 362 F.3d at 1004-05; *Steele*, 290 F.3d at 942.

## III. CONCLUSION

The denial of fees was thus an abuse of discretion. In her EAJA petition, Stewart requested $6,914.07 in attorney's fees and $350 in costs, and the magistrate judge found those calculations reasonable. Accordingly, we REVERSE the denial of attorney's fees and REMAND with instructions to award the amount requested. We also award appellate attorney's fees to Stewart. Stewart's counsel shall submit a statement of attorney's fees incurred on appeal within fourteen days.