[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12674
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-01029-CV-J-16-TEM

TINA M. RICHTER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 21, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Tina Richter appeals the district court's order affirming the Social Security

Administration's ("SSA") denial of her application for disability insurance benefits and supplemental security income, 42 U.S.C. § 405(g). Although finding that Richter had psychological impairments that produced moderate difficulties in the ability to sustain concentration, persistence, or pace, the Administrative Law Judge ("ALJ") did not explicitly include these limitations in his hypothetical question posed to the vocational expert. On appeal, Richter argues that this omission constituted error. Thus, the vocational expert's testimony, and the ALJ's findings relying on that opinion, that she had the ability to work in various unskilled jobs and, therefore, was not disabled were not supported by substantial evidence. We agree.

In Social Security appeals, we review de novo the legal principles underlying the Commissioner's decision. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). However, the Commissioner's final decision regarding disability is reviewed only for substantial evidence, which requires that the administrative decision be based on "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. Substantial evidence is "less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the

2

evidence." Id. (internal citation omitted).

An individual claiming Social Security disability benefits bears the burden to show that she is disabled. See Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). The ALJ uses a five-step process to determine whether a claimant has met the burden of proving her disability: (1) the ALJ determines whether the claimant is engaged in "substantial gainful activity;" (2) if not, the ALJ decides whether the claimant's condition or impairment is "severe"; (3) if so, the ALJ decides whether the claimant's impairment meets or equals the severity of the specified impairments in the Listing of Impairments, thereby precluding any gainful work activity; (4) if the claimant has a severe impairment that does not meet or equal the severity of an impairment in the Listing of Impairments, the ALJ assesses a claimant's "residual functional capacity" ("RFC"), which measures whether a claimant can perform past relevant work despite the impairment; and (5) if the claimant is unable to do past relevant work, the ALJ determines whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237–39 (11th Cir. 2004). "If the claimant cannot make the adjustment to other work, the ALJ will determine that the claimant is disabled." Id. at 1239. Richter's appeal focuses on step five in the evaluation process: whether she can perform

3

other work in the national economy.

There are two avenues by the which the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy: by applying the Medical Vocational Guidelines or by using a vocational expert. Id. at 1239–40. The ALJ here relied on the use of a vocational expert. When the ALJ uses a vocational expert, the ALJ poses hypothetical questions to the vocational expert to ascertain whether someone with the claimant's previously-determined limitations will be able to secure employment in the national economy. Id. at 1240.

We have recognized that although hypothetical questions posed to a vocational expert need not include all of a claimant's symptoms, they must include "all of the claimant's impairments" or the vocational expert's testimony cannot constitute substantial evidence. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1270 (11th Cir. 2007). However, our circuit has never addressed the question of whether a hypothetical question must specifically account for documented limitations of "concentration, persistence, or pace." Yet, a number of our sister circuits have so held. See Ramirez v. Barnhart, 372 F.3d 546, 554 (3d Cir. 2004); Kasarsky v. Barnhart, 335 F.3d 539, 544 (7th Cir. 2003); Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996).

4

These courts have also rejected the argument raised by Commissioner in this case that an ALJ generally accounts for a claimant's deficiencies in concentration, persistence, and pace by restricting the vocational expert's inquiry to simple, routine tasks or unskilled work.  See Stewart v. Astrue, 561 F.3d 679, 684–85 (7th Cir. 2009) (limiting hypothetical to simple, routine tasks does not account for claimant's moderate difficulties in maintaining concentration, persistence, and pace); Ramirez, 372 F.3d at 554 (limiting hypothetical question to simple, one-to two-step tasks does not account for deficiencies in concentration, persistence, or pace); Newton, 92 F.3d at 695 (limiting hypothetical to simple jobs does not account for moderate deficiencies in concentration, persistence, or pace). However, where medical evidence demonstrates that a claimant retains the ability to engage in simple, routine, repetitive tasks or unskilled work despite deficiencies in concentration, persistence, and pace, our sister circuits have found that these restrictions sufficiently account for such deficiencies.  See Simila v. Astrue, 573 F.3d 503, 521 (7th Cir. 2009) (hypothetical adequately accounted for limitations in concentration, persistence, or pace where it restricted vocational expert's inquiry to unskilled sedentary-level work, and claimant's concentration limitations stemmed solely from chronic back pain not aggravated by sedentary work); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174–76 (9th Cir. 2008) (restricting

5

vocational expert's inquiry to simple, routine, repetitive tasks accounted for deficiencies where physician testified that despite claimant's slow pace, she could still "carry out simple tasks"); Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001) (restricting vocational expert's inquiry to simple, routine, repetitive tasks accounted for deficiencies of concentration, persistence, or pace where psychologist determined that claimant could perform such tasks without severe restrictions). Additionally, our sister circuits have held that hypothetical questions adequately account for a claimant's deficiencies in concentration, persistence, and pace where they otherwise implicitly account for these deficiencies. See White v. Commissioner of Social Sec., 572 F.3d 272, 288 (6th Cir. 2009) (hypothetical adequately accounted for limitations in concentration, persistence, or pace where ALJ referenced claimant's inability to maintain attention and concentration); Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (failure to expressly recite limitations in concentration, persistence, or pace did not require remand where ALJ specifically directed vocational expert to credit testimony of doctor testifying to such deficiencies).

In this case, the ALJ did not specifically include in the hypothetical question any limitation regarding Richter's deficiencies in maintaining concentration, persistence, or pace, despite the ALJ's finding that Richter had moderate

limitations in this area. Rather, the hypothetical question restricted the vocational expert's inquiry to unskilled jobs and only referred to Richter's moderate limitation in the ability to remember, understand, and carry out detailed instructions. This instruction did not adequately cover Richter's limitations in concentration, persistence, or pace for a variety of reasons.

First, unlike in Thomas where the ALJ specifically directed the vocational expert to credit the medical testimony about the claimant's concentration, persistence, and pace limitations in reaching his opinion, the ALJ here expressly directed the vocational expert to only consider the limitations included in the hypothetical question itself. Second, the record reflects that testifying psychologists viewed limitations in the ability to remember, understand, and carry out simple instructions differently from limitations related to concentration, persistence, or pace, as Dr. Alvarez-Mullin noted that Richter was not limited in the former but did have moderate limitations in her ability to maintain attention and concentration for an extended period of time. Third, in contrast to the medical evidence in Simila, Stubbs-Danielson, and Howard, two psychiatrists testifying to Richter's difficulties in concentration, persistence, and pace did not indicate that despite these limitations she could perform simple, routine, repetitive tasks characteristic of unskilled labor. Fourth, although the ability to complete simple

7

tasks is encompassed by the unskilled limitation, a limitation to repetitive tasks is not. See 20 C.F.R. § 404.1568(a) (2009). This is particularly relevant to Richter's impairments because each of the jobs found suitable for her by the vocational expert (motel cleaner, assembler, and photograph mounter) require the maintenance of a certain degree of pace and repetition. There is no indication that the vocational expert or the ALJ considered whether Richter would still be able to perform these jobs in light of her moderate deficiencies in concentration, persistence, and pace.

Finally, we find no merit in the Commissioner's argument that deficiencies identified in the context of filling out a Psychiatric Review Technique Form ("PRTF") under step two[1] need not be included in an ALJ's hypothetical question. Although we have not addressed the precise issue of whether certain findings made on a PRTF must also be included in an ALJ's hypothetical, we have stated in unequivocal terms that a hypothetical question to a vocational expert must include all of a claimant's impairments, Ingram, 496 F.3d at 1270, and our sister circuits have rejected the same argument the Commissioner makes here, see Ramirez, 372 F.3d at 552 (PRTF findings of deficiencies of concentration, persistence, and pace

_____

[1] The Commissioner's regulations specifically provide that the PRTF or functional analysis contained therein must be completed before an ALJ makes the determination about whether a mental impairment is or is not severe under step two. See, e.g., 20 C.F.R. § 404.1520a; see also Moore, 405 F.3d at 1213.

constituted impairments that must be accounted for in the ALJ's hypothetical question); Kasarsky, 335 F.3d at 544 (same). Moreover, an ALJ is required to incorporate the results of a PRTF into his findings and conclusions. 20 C.F.R. § 404.1520a-(e)(2); Moore, 405 F.3d at 1213–14.

In sum, on this record, we conclude that the ALJ's failure to include all of Richter's impairments in his hypothetical question was error. This error was not harmless because the inquiry conducted by the vocational expert did not implicitly account for Richter's deficiencies in concentration, persistence, and pace. Additionally, there is no medical evidence that, despite these limitations, Richter nevertheless retained the ability to perform simple, repetitive, and routine tasks or unskilled labor. Instead, there is some evidence that Richter would have a moderate difficulty in this respect due to her psychiatric instability and anxiety-related disorder. Consequently, the vocational expert's testimony and the ALJ's ultimate finding that Richter was not disabled were unsupported by substantial evidence.

Accordingly, we VACATE the judgment of the district court and REMAND with instructions that the case be returned to the Commissioner for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**[2]

---

[2] Appellant's request for oral argument is denied.