In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3454

RODGER DEAN BASSETT,

*Plaintiff-Appellant,*

*v.*

MICHAEL J. ASTRUE,
Commissioner of Social Security,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 09-3231—**Michael P. McCuskey**, *Chief Judge*.

ARGUED FEBRUARY 15, 2011—DECIDED MAY 27, 2011

Before ROVNER, WOOD, and EVANS, *Circuit Judges.*

ROVNER, *Circuit Judge.* We must determine whether the district court abused its discretion in denying Rodger Bassett's petition for attorneys' fees under the Equal Access to Justice Act. The act entitles a prevailing party to fees only if the position of the United States was not substantially justified. And the district court concluded that a reasonable person could think that the

commissioner of Social Security acted with a rational basis in fact and law, not only in denying Bassett's application for disability benefits in part, but also in unsuccessfully defending that portion of the decision in federal court. We see no abuse of discretion in this conclusion, so we affirm the district court's order denying Bassett's petition.

An administrative law judge concluded that Bassett became disabled on his 55th birthday. Before that day, the ALJ explained, Bassett's severe back pain permitted him to perform light work, and so a significant number of jobs were available to him in the national economy. But once Bassett turned 55, the ALJ continued, he was capable of performing just sedentary work, which meant that his age, education, work experience, and exertional limitations now directed a finding of disabled under Medical-Vocational Rule 201.06. What the ALJ neglected to mention was how she arrived at her conclusion that Bassett's residual functional capacity deteriorated only in December 2007, on the day he turned 55—and not, as Bassett had urged, two-and-a-half years earlier in April 2005. Bassett asked the district court to review the unfavorable portion of the ALJ's decision, and Judge Scott agreed that the ALJ's omission required a remand for a better explanation. Aside from this gap, though, Judge Scott found that the ALJ's discussion of the evidence was more than adequate. And Judge Scott also rejected Bassett's contention that the ALJ had erred when she refused to give controlling weight to a treating source's opinion.

Judge Scott's remand pursuant to sentence four of 42 U.S.C. § 405(g) made Bassett a "prevailing party," *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), entitled to attorneys' fees unless "the position of the United States was substantially justified," *see* 28 U.S.C. § 2412(d)(1)(A). By the time Bassett filed his petition, however, the case had been reassigned to Chief Judge McCuskey. And the chief judge was not convinced by Bassett's argument that both the ALJ's opinion and the commissioner's defense of the opinion were so beyond the pale that no reasonable person could think them well-founded in fact or law. To the contrary, Chief Judge McCuskey concluded, the commissioner's position had been substantially justified throughout the proceedings and, accordingly, Bassett was not entitled to attorneys' fees.

Bassett has appealed Chief Judge McCuskey's order, but he faces an uphill challenge. The commissioner's position is substantially justified if a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). And the Supreme Court has entrusted the question whether the commissioner's position is substantially justified to the discretion of the district court, in no small part because the analysis is not susceptible to a firm rule or even a "useful generalization." *See Pierce v. Underwood*, 487 U.S. 552, 561-62 (1988).

Over the years, though, some helpful benchmarks have emerged. The commissioner's position may be substantially justified even if it turns out to be completely wrong.

*Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). For example, the ALJ's opinion might offer merely a "cursory and inadequate" analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion—or the commissioner's defense of the opinion. *See United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 387 (7th Cir. 2010). That is because the requirement that the ALJ must articulate an assessment of the evidence is "deliberately flexible," *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992), so the ALJ's failure to "connect all the dots" in the analysis—and the commissioner's defense of those gaps in the ALJ's reasoning—is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law, *see Cunningham v. Barnhart*, 440 F.3d 862, 864-65 (7th Cir. 2006). Indeed it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis. *See Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

We do not think that Chief Judge McCuskey abused his discretion when he decided that the commissioner's position in Bassett's case was substantially justified. There is no dispute that, at some point between April 2005 and December 2007, Bassett's ability to perform light work took a hit, leaving him able to take on only sedentary work; the question merely is *when*. True, the ALJ's opinion pinpointed a precise date with-

out offering an explanation. But in making this mistake the ALJ did not ignore, mischaracterize, selectively cite, or otherwise bungle a significant body of relevant evidence; in fact, Judge Scott found that the ALJ's discussion of the evidence was beyond reproach. Rather the ALJ committed the very sort of articulation error that, we have held, ordinarily does not taint the commissioner's position. No doubt it is difficult to determine, on this record, the exact day when Bassett's gradually deteriorating back prevented him from performing light work. And although the difficulty of drawing this line does not excuse the ALJ's error, we think it does show that a reasonable person could conclude that both the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law.

In closing we reject the contention that Chief Judge McCuskey abused his discretion by neglecting to reconsider Bassett's remaining attacks on the ALJ's opinion, arguments that Judge Scott earlier had turned down on the merits. Of course the district court must consider the commissioner's prelitigation conduct, including the ALJ's opinion, *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006), in assessing whether the commissioner's position as a whole was substantially justified, 28 U.S.C. § 2412(d)(2)(D); *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1080-81 (7th Cir. 2000). But the district court need not reopen any issues that it already has decided in favor of the commissioner. To the contrary, we have held that a district court ought to keep in mind that some of the claimant's attacks on the ALJ's opinion

did not hold any water. *Stewart v. Astrue,* 561 F.3d 679, 683-84 (7th Cir. 2009).

AFFIRMED.