NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 15, 2011
Decided August 3, 2011

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-3188

| | |
|---|---|
| LESLIE BRITTON-DILLON, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellant,* | |
| *v.* | No. 07 C 3721 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | Michael T. Mason, *Magistrate Judge*. |
| *Defendant-Appellee.* | |

**O R D E R**

Leslie Britton-Dillon appeals the magistrate judge's order denying her motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. She filed the motion after the magistrate judge reversed the Social Security Administration's denial of disability benefits. Because the magistrate judge did not abuse his discretion in finding the government's position substantially justified, we affirm.

Britton-Dillon applied for disability benefits, claiming that pain in her back, hips, legs, shoulders, and neck left her unable to work since 2002. The agency denied her application initially, on reconsideration, and after a hearing before an administrative law judge.

In denying the application, the ALJ applied the five-step evaluation prescribed by 20 C.F.R. § 404.1520(a)(4)(i)-(v), finding that Britton-Dillon had not engaged in substantial gainful activity since the alleged onset of her disability (step one); that she had severe impairments, including arthritis in her left shoulder and degenerative disc disease (step two); but that her impairments did not qualify as a listed impairment under section 1.02 (major dysfunction of a joint) or section 1.04 (disorders of the spine resulting in compromise of a nerve root or the spinal cord), *see id.* § 404, subpt. P, app. 1, §§ 1.02, 1.04 (step three). At step four the ALJ found that Britton-Dillon could return to her past relevant work as a waitress, determining that she had the residual functional capacity "for light work with no repetitive but frequent overhead work with left (non-dominant) arm and no work at unprotected heights or around dangerous moving machinery, open flames, or bodies of water." In making this finding, the ALJ rejected Britton-Dillon's alleged inability to "perform any significant work activities on a sustained basis"; the ALJ found that her subjective complaints of pain were not "fully credible" because medical records showed that she had been treated conservatively with pain medications and injections for her spinal disease, she never underwent surgery, and she had refused pain and psychiatric treatments. Finally, the ALJ credited the testimony of a vocational expert to conclude, at step five, that Britton-Dillon could perform other jobs in the national economy.

After the Appeals Council denied Britton-Dillon's request for review, she turned to the district court. A magistrate judge, presiding by consent, *see* 28 U.S.C. § 636(c)(1), denied in part and granted in part her motion for summary judgment. In partially denying the motion, the magistrate judge rejected Britton-Dillon's challenges to the adverse credibility finding and the ALJ's step-two analysis. In partially granting summary judgment, however, the magistrate judge found that the ALJ inadequately explained his rationale at step three for concluding that x-ray evidence of spinal disorders did "not result in nerve root compression, spine arachnoiditis, or lumbar spinal stenosis, which is required to meet or equal section 1.04." Reversing the denial of benefits, the magistrate judge instructed the ALJ on remand to explain (1) why he gave little weight to radiographical evidence that might favor Britton-Dillon's application; (2) why he discounted Britton-Dillon's diagnosis of an L5-S1 annular tear; and (3) how he weighed the opinions of Britton-Dillon's treating physicians. Additionally, the magistrate judge instructed the ALJ to provide "a more detailed narrative discussion explaining his [residual functional capacity] determination" and to revisit steps four and five in light of that expanded discussion.

Before the ALJ could carry out the remand, Britton-Dillon petitioned for attorney's fees under the EAJA, but the magistrate judge denied her petition, finding the government's position "substantially justified." The magistrate judge noted that "this case involves a failure by the ALJ to sufficiently explain some evidence, where other evidence in the record supported the government's position and the ALJ's findings." An EAJA fees award was not

warranted, he concluded, because "[h]ere, a 'genuine dispute' regarding the evidence existed."

Under the EAJA a district court may award attorney's fees if: (1) the claimant was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances make an award unjust; and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Conrad v. Barnhart*, 434 F.3d 987, 989 (7th Cir. 2006); *see Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). On appeal Britton-Dillon contests only the second prong, arguing that the magistrate judge abused his discretion in finding the government's position substantially justified. This court gives "substantial weight" to the views of the magistrate judge who both remanded the ALJ's decision and denied the motion for fees. *See United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 387 (7th Cir. 2010).

Britton-Dillon asserts that the magistrate judge abused his discretion by improperly re-weighing the evidence and substituting his own judgment for that of the Commissioner. She maintains that the magistrate judge lacks "authority to conclude that 'some evidence' in the record supports or does not support the government's position and the ALJ's findings." But Britton-Dillon wrongly confuses the "substantial justification" standard for EAJA motions with the "substantial evidence" standard for reviewing the denial of benefits. It is true that a review of the denial of benefits precludes weighing the evidence or substituting judgment for the ALJ's, *see, e.g., Ketelboeter v. Astrue*, 550 F.3d 620, 624 (7th Cir. 2008), but a review of an EAJA award asks whether the government's position is substantially justified—whether that position has a reasonable factual (and legal) basis, *see Cunningham v. Barnhart*, 440 F.3d 862, 863-64 (7th Cir. 2006).

Britton-Dillon further contends that the district court's five-step evaluation "failed to build an accurate and logical bridge between the evidence and his conclusions." However, "it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *Bassett*, 641 F.3d at 860. A substantially unjustified position can also be shown by an ALJ's failure to explicitly discuss credibility, *see Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004), or to specify what evidence factored into his residual-functional-capacity determination, *see Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009). But errors of articulation "in no way necessitate[] a finding [that] the [government's] position was not substantially justified" because the "requirement that the ALJ articulate his consideration of the evidence is deliberately flexible," *see Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992); s*ee also Bassett*, 641 F.3d at 859 (explaining that a "cursory and inadequate analysis" in an ALJ's opinion "usually will not be enough to poison the opinion").

Nothing in the record suggests that the ALJ's errors of articulation were particularly egregious here. The ALJ did not fail to discuss Britton-Dillon's credibility; rather, he questioned it based on the discrepancy between her alleged inability to work and the medical evidence in the record. And although the case was initially remanded because of the ALJ's inadequate explanation regarding x-ray evidence, the ALJ did not ignore or mischaracterize this evidence. Moreover, although the ALJ was instructed on remand to provide a "more detailed narrative discussion" explaining his residual-functional-capacity determination, he did not fail to specify what evidence factored into his initial determination.

AFFIRMED.