**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2011
Decided December 22, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1467

| | |
|---|---|
| BARBARA SUIDE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division |
| *v.* | |
| | No. 1:08-cv-02967 |
| MICHAEL J. ASTRUE, | |
| COMMISSIONER OF SOCIAL | Charles R. Norgle, Sr., |
| SECURITY, | *Judge*. |
| *Defendant-Appellee*. | |

# O R D E R

Plaintiff-appellant Barbara Suide applied for disability insurance benefits and supplemental security income under the Social Security Act. An administrative law judge denied benefits, and the Appeals Council of the Social Security Administration and the district court affirmed. We affirmed in part and reversed in part, finding no error in the conclusion that Suide did not qualify for benefits before her December 2006 stroke, but reversing and remanding the denial of benefits from that time forward because one of the ALJ's key findings on Suide's residual

functional capacity simply was not supported by substantial evidence. *Suide v. Astrue*, 371 Fed. App'x 684 (7th Cir. 2010).

After our partial remand, plaintiff sought an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The district court denied fees, finding that the position of the Commissioner was substantially justified. Suide appeals from that denial. We find no abuse of discretion and therefore affirm.

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In general, to be eligible for a fee award under this provision, four elements must be satisfied: (1) the claimant was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application was submitted to the court within 30 days of final judgment in the action and was supported by an itemized application. See *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). (The EAJA also uses financial means tests for award eligibility, see 28 U.S.C. § 2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act. See, *e.g.*, *Sosebee v. Astrue*, 494 F.3d 583 (7th Cir. 2007) (reversing denial of EAJA fees where district court had found that applicant failed to show his net worth was less than $2 million).)

Because Suide obtained a remand for further consideration of her claim, she is a "prevailing party" for purposes of the EAJA. See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA). The only eligibility issue the Commissioner has raised is whether his position was "substantially justified."

The Commissioner has the burden of proving that his position was substantially justified. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Cunningham*, 440 F.3d at 864. It must be stronger than merely non-frivolous. *Pierce*, 487 U.S. at 566. On the other hand, the Commissioner's position need not have been correct. See *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996), quoting *Pierce*, 487 U.S. at 566 n.2. "Substantially justified" does not mean "justified

to a high degree."  The standard is satisfied if there is a "genuine dispute" or if "reasonable persons could differ as to the appropriateness of the contested action."  *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), citing *Pierce*, 487 U.S. at 565.

The standard of review that applies to the merits of benefits decisions is deferential to the Commissioner.  If the court has remanded the denial of benefits, that deferential standard of review does not automatically mean that the Commissioner's position could not have been substantially justified for purposes of the EAJA. See, *e.g.*, *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).  Under the EAJA, the test is whether the Commissioner had a rational ground for thinking that he had a rational ground for denying benefits.  See *id*.

One of the challenges in EAJA litigation, especially in Social Security cases, is that there are so many aspects of "the Commissioner's position."  The Commissioner takes a position through the decision of the ALJ and possibly the Appeals Council, and the Commissioner then defends that decision in the federal courts.  Under the statute, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."  28 U.S.C. § 2412(d)(2)(D).
In deciding substantial justification, therefore, the court must consider both the agency's pre-litigation conduct and its litigation position, but the court ultimately must make one binary decision — yes or no — as to the entire civil action.  *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004); see also *Commissioner v. Jean*, 496 U.S. at 159 (court must make only one threshold determination on substantial justification for the entire civil action).

On appeal, we review a district court's determination under the EAJA only for an abuse of discretion.  *E.g.*, *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011).  Still, review for an abuse of discretion is not toothless.  If the court to which discretion is entrusted acts on the basis of a serious misunderstanding of the applicable law or relevant facts, the resulting decision may well reflect an abuse of discretion.  *E.g.*, *Sosebee*, 494 F.3d at 586 (reversing denial of EAJA fees to Social Security disability applicant where district court acted on erroneous view of applicable law); see also *Ericksson v. Commissioner*, 557 F.3d 79, 82 (2d Cir. 2009) (reversing denial of EAJA fees); *Clark v. Astrue*, 529 F.3d 1211, 1214 (9th Cir. 2008) (same).  But the ultimate finding on the issue of substantial justification is "not susceptible to a firm rule or even a 'useful generalization.'"  *Bassett*, 641 F.3d at 859, quoting *Pierce*, 487 U.S. at 562.

The deferential standard of review and the requirement that substantial justification be decided on an all-or-nothing basis are decisive here.  In finding that the Commissioner's decision was substantially justified, the district court relied heavily on the fact that we affirmed the denial of benefits for the years up to the time of Suide's second stroke, in 2006.  The district court properly took into account that major aspect of the case in finding substantial justification.

If we narrowed our focus to only the Commissioner's denial of benefits after the 2006 stroke, it would be difficult to find that the Commissioner's position was substantially justified. The ALJ's error was not merely a failure to articulate her thinking adequately. Cf. *Bassett*, 641 F.3d at 859-60 (affirming denial of fees where basis for reversal was ALJ's failure to articulate analysis adequately); *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006) (same). The problem here was more fundamental: the key factual finding on Suide's residual functional capacity was that she could stand or walk for up to six hours per day. There simply was no substantial evidence in the record to support that finding, and it appeared that the ALJ filled the evidentiary gap by relying on her own lay opinions. That approach is contrary to well-established law governing the work of Social Security Administration administrative law judges, as we explained in our decision on the merits. 371 Fed. App'x at 690; see also *Stewart v. Astrue*, 561 F.3d at 684-85 (reversing denial of fees where remand on merits was required by ALJ's disregard of established regulations and case-law); *Golembiewski*, 382 F.3d at 724-25 (reversing denial of fees where ALJ had violated long-standing precedent and regulations, and had mischaracterized and overlooked key evidence).

The issue of residual functional capacity after Suide's second stroke in 2006 was important, but it simply was not the entire case. Although the court should not mechanically "count arguments," a court deciding a substantial justification issue under the EAJA certainly may consider issues on which the government prevailed. See *Stewart*, 561 F.3d at 683-84.

Suide also argues that the Commissioner's position was not substantially justified based on a number of errors that she argued and that were not addressed on the merits or in the district court's denial of EAJA fees. We are not persuaded that there was an abuse of discretion. The district court reasonably focused on the principal disputed issues in the case, including the fact that the Commissioner prevailed on the portion of the case running from the date of claimed onset of disability in 2000 until Suide's second stroke in 2006.

The plaintiff argues that the district court abused its discretion by failing to address every issue that was argued on the merits. We disagree. In making the fee decision, it was not necessary to retrace every page of the briefing on the merits, nor to reach a conclusion on whether the Commissioner's position was correct or substantially justified as to every subsidiary issue raised in the case, including ones that did not need to be addressed on the merits. The overall result of this case was mixed. Plaintiff obtained a remand for the period after her second stroke, and the Commissioner prevailed on the earlier portion. It was not an abuse of discretion to find that, overall, the Commissioner's position was substantially justified.

The district court's denial of fees under the Equal Access to Justice Act is AFFIRMED.