NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 10, 2013
Decided July 25, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1637

| | |
|---|---|
| RUSSELL W. TURPEN,<br>    *Plaintiff-Appellant*,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>    *Defendant-Appellee*. | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Indianapolis Division.<br><br>No. 1:11-cv-00729-JMS-TAB<br><br>Jane E. Magnus-Stinson,<br>*Judge*. |

**O R D E R**

Russell Turpen appeals the denial of his petition for attorney's fees (nearly $12,000) under the Equal Access to Justice Act, 28 U.S.C. § 2412. Because the district court did not abuse its discretion in determining that the government's position was substantially justified, we affirm the judgment.

Turpen applied for Disability Insurance Benefits and Supplemental Security Income based on his mental and emotional impairments, including depression, anxiety, and

alleged personality disorders. After a hearing, an ALJ denied Turpen's application, finding that he was not disabled and could perform a number of jobs in the national economy.

Turpen then sought review in the district court under 42 U.S.C. § 405(g), challenging nearly every aspect of the ALJ's decision as lacking a clear basis in the record. As relevant here, he argued that the ALJ ignored critical evidence by failing to mention records from the Department of the Army showing that he was discharged from the military at age 19 after exhibiting signs of emotional and psychiatric disorders. He also challenged the ALJ's conclusion that he had demonstrated "an extensive and successful history of work" and cited in support the 47 jobs he had rotated through over 17 years.

The Commissioner of Social Security defended the ALJ's decision in all respects. In particular, the Commissioner argued that Turpen's military records had not been submitted and thus were not part of the administrative record when the ALJ issued his decision. Additionally, the Commissioner contended that Turpen's 17-year work history preceded, and thus was not relevant to, the time period covered by the ALJ's decision—the time between the alleged onset of Turpen's disability in 2007 and the ALJ's decision in 2011. The Commissioner also argued that the ALJ's ruling was supported by a report from Turpen's most recent employer describing Turpen's work as adequate and without any significant limitations.

The district court vacated the denial of benefits and remanded the matter to the Commissioner (1) to resolve a fact question whether Turpen had timely introduced his military records into the administrative record and, if so, to determine the impact of those records on his disabilities application, and (2) to explain how 47 jobs in 17 years could be deemed a success or, if not, to evaluate Turpen's claim in light of his longitudinal difficulties in maintaining employment over the time period relevant to the application. The district court also concluded, however, that Turpen's remaining arguments lacked merit.

Following the district court's remand order, Turpen petitioned for $11,830.50 in attorney's fees under the Equal Access to Justice Act. The Act allows a "prevailing party" in certain categories of suits against the United States to collect reasonable attorney's fees, but fees may not be awarded if the court determines that the government's position was "substantially justified." 28 U.S.C. § 2412(d). The district court here concluded that the Commissioner's position was substantially justified and therefore denied Turpen's petition. It explained that "reasonable minds might have differed about the necessity of a remand, particularly given the relatively narrow grounds upon which the Court decided this matter." The court added that "[t]he overwhelming bulk of the Commissioner's decision was upheld, and the potential for reasonable disagreement on the very narrow grounds

upon which the Court remanded the matter negates any inference that the government was being careless and oppressive with respect to Mr. Turpen."

Turpen's primary argument on appeal is that the government's position as a whole was not substantially justified because its errors—overlooking the military records and describing Turpen's work history as "successful"—were so fundamental that it had no reasonable basis for opposing his request for benefits.

The district court did not abuse its discretion in determining that the Commissioner's position was substantially justified. Turpen faces a high hurdle to prove otherwise: The Commissioner's position was substantially justified "if a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law," *see Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011), and the district court's judgment on this question is treated to substantial deference, *see Pierce v. Underwood*, 487 U.S. 552, 560–62 (1988); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). The district court here affirmed the bulk of the ALJ's decision and described its two grounds for remand as "narrow." On the first ground—the fact issue regarding Turpen's military records—the court did not characterize the ALJ's failure to consider the evidence as error; the court ruled only that the ALJ's handling of the records could not properly be evaluated until he resolved the antecedent question whether the evidence was timely submitted. The court also acknowledged that record evidence supported the Commissioner's position that Turpen failed to submit the evidence on time because the records were not included in the list of exhibits, and their only reference occurs in a fax dated more than 30 days after the hearing. The government's position on this issue therefore "had a rational basis" and thus was substantially justified. *Bassett*, 641 F.3d at 859; *see Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); *Jackson v. Chater*, 94 F.3d 274, 279–80 (7th Cir. 1996) (finding the government's position substantially justified where it chose between permissible views of conflicting evidence).

The second ground for remand presents a closer question. The district court noted that "the ALJ failed to build a logical bridge as to how Mr. Turpen's work history can be viewed as 'successful,' " and it also discredited the Commissioner's defense of that finding because, in the court's judgment, the Commissioner implicitly abandoned the ALJ's reasoning and attempted to offer a new justification. But the court remanded the case in order to give the ALJ a chance to explain his finding. This remand suggests that the court regarded the ALJ's explanation as insufficient based on the available evidence. Indeed, the court later described its remand as a request for "clarification." Ordinarily an ALJ's "articulation error"—reaching the wrong conclusion or failing to "connect all the dots" despite considering relevant evidence—is insufficient on its own to render the government's position unjustified. *Bassett*, 641 F.3d 859–60; *Cunningham v. Barnhart*, 440

F.3d 862, 864–65 (7th Cir. 2006). The district court gave no indication that it considered the ALJ's finding to be anything more serious than an articulation error, and its reasoning is entitled to deference. *See Pierce*, 487 U.S. at 560–62. In any event, the self-described narrowness of the district court's rulings and its limited findings of error support its conclusion that when considered as a whole, the government's position was substantially justified.

We have considered Turpen's other arguments, and they do not merit discussion. The judgment of the district court is AFFIRMED.