NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 14, 2018
Decided January 22, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3326

| | |
|---|---|
| HEIDI RADOSEVICH, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-C-1119 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, *Defendant-Appellee*. | William C. Griesbach, *Chief Judge*. |

**O R D E R**

Heidi Radosevich applied for Disability Insurance Benefits based on a host of mental conditions (depression, anxiety, and attention deficit disorder) and physical disorders (fibromyalgia and degenerative disc disease). An administrative law judge ("ALJ") found that she was severely impaired by these conditions but still capable of working. Because the ALJ erred in formulating the hypothetical question to the vocational expert, we reverse the judgment and remand for further proceedings.

## I. Background

In 2007 Radosevich slipped on ice in a parking lot and fell on her right side, leading to persistent pain in her neck and back, joint dysfunction in her low back and right thigh, and mild disc degeneration in her spine. She no longer could work full-time because of the pain, and she ultimately was fired from her job in 2009 due to decreased work quality and her inability to work full-time.

In addition to her skeletal ailments, Radosevich also experiences chronic pain and migraines. In 2012 doctors diagnosed her with fibromyalgia. Radosevich also suffers from attention deficit disorder ("ADD") and depression that in the past have been well controlled with medication but can flare up and affect comprehension, memory, and focus.

Radosevich can no longer live the active life she had before her fall. Before 2007 while working a full-time job in insurance customer service, she cared for her two school-aged sons and maintained her house. But as of 2014 Radosevich reported trouble sitting or standing for more than 30 minutes at a time. She stated that she tries to vacuum or do laundry, but she gets exhausted easily and must lie down. She sleeps only about four hours at night in broken segments, and during the day, she takes a three-hour nap and cannot maintain a routine.

From 2009 to 2012, Radosevich went to school to obtain a medical assistant associate degree. Near the end of her course of study, she asked her treating physician to issue work restrictions to five hours per day so that she could complete an internship required to graduate. She completed her degree but has yet to find work.

After Radosevich applied for Disability Insurance Benefits in 2012, she underwent a psychological evaluation with Dr. Steve Krawiec, the agency's expert, who determined that her depression could interfere with her ability to work—specifically, her ability to focus, to persist at tasks, and to maintain an adequate pace. Dr. Krawiec also concluded that any heightened anxiety in the workplace could interfere with her ability to focus on and carry out responsibilities, and he advised against any workplace changes or stressors.

In April and September 2013, Drs. Jack Spear and Darrell Snyder, two agency psychological experts, reviewed Radosevich's records and, like Dr. Krawiec, found her moderately limited in various elements of concentration, persistence, and pace. Dr. Spear found that her depression and ADD would hinder her ability to maintain

attention and concentration for extended periods and to perform activities within a schedule and maintain regular attendance. And Dr. Snyder found that her ADD impeded her sustained concentration and also that she would have difficulty maintaining attention and concentration, performing activities within a schedule, and maintaining regular attendance. Dr. Snyder further concluded that Radosevich would have difficulty remembering and carrying out complex tasks but that she could do routine, repetitive tasks of one or two steps.

Concerning Radosevich's residual mental functional capacity, Drs. Spear and Snyder opined that she was not significantly limited in her ability to carry out "very short and simple instructions" and "make simple work-related decisions." But both identified three areas where she was limited: (1) carrying out complex or detailed instructions; (2) coping with changes; and (3) maintaining concentration for an extended period so that she could perform tasks within a schedule.

The ALJ analyzed Radosevich's application based on the five-step process set forth in 20 C.F.R. § 404.1520 and found her not disabled. He found that she was not engaged in substantial gainful employment (step one); she has severe impairments of fibromyalgia, degenerative disc disease, depression, anxiety, and ADD (step two); but her impairments did not meet a listing (step three). Despite her limitations, he determined that Radosevich had the residual functional capacity ("RFC") to perform light work with "simple, routine, and repetitive tasks, performed in a work environment involving only simple, work-related decisions, and with few, if any, workplace changes."

After finding that Radosevich could not perform any past relevant work (step four), the ALJ asked the vocational expert about job prospects for a person with Radosevich's background who could perform light work consisting of "simple, work-related decisions" with "few, if any, workplace changes." The expert opined that someone with those limitations could work as a mail clerk, ticket taker, or retail sales attendant, for which there are a combined 2,304,000 jobs in the national economy. The vocational expert testified that no jobs in the national economy would be available for a person who would be off task for about an hour and a half during each workday in addition to regular breaks. Radosevich appealed and the Appeals Council denied review.

In the district court, Radosevich argued that the ALJ erred in assessing her RFC when he equated her limitations in concentration, persistence, or pace with a restriction to simple, routine, repetitive work. The judge upheld the ALJ's ruling that Radosevich's

limitations in concentration, persistence, or pace did not belong in the hypothetical question because the RFC is meant to describe the "most a claimant can do" and "not the most she can do without difficulty."

## II. Analysis

On appeal Radosevich renews her challenge that the hypothetical question posed to the vocational expert by the ALJ was flawed because it did not capture her difficulties with concentration, persistence, and pace. First, she claims that the ALJ erred in defining her RFC as light work consisting of simple, routine, repetitive tasks without mentioning her difficulty staying on task and on a schedule. She also asserts that the ALJ ignored Dr. Krawiec's assessment that she would have difficulties with persistence, pace, and focus, even though the ALJ gave Dr. Krawiec's opinion "significant weight."

The vocational expert must understand the claimant's limitations, including limitations in concentration, persistence, and pace. *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). We have "repeatedly rejected the notion" that a hypothetical confining the claimant to simple, routine tasks adequately captures limitations in concentration, persistence, and pace. *Moreno*, 882 F.3d at 730 (quoting *Yurt v. Colvin*, 758 F.3d 850, 858 (7th Cir. 2014)); *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009).

Here the hypothetical question posed by the ALJ to the vocational expert was incomplete because it did not include any restrictions in concentration, persistence, or pace—restrictions that the ALJ acknowledged Radosevich to have suffered moderately. The hypothetical included only restrictions to "simple, work-related decisions" with "few, if any, workplace changes," so it reflected the limitations in Radosevich's abilities to carry out complex or detailed instructions and cope with changes. And although Radosevich may have the mental capacity to complete a single, simple task, the hypothetical did not capture the limitation in her ability to execute that simple task over an extended time. Therefore, we are left with a disconnect between the limitations identified by the doctors and the ALJ's hypothetical to the vocational expert. *See Yurt*, 758 F.3d at 859 (remanding where the claimant was moderately limited in multiple aspects affecting concentration, persistence, and pace but the hypothetical confined the claimant to simple, routine tasks); *see also Moreno*, 882 F.3d at 730 (remanding where the doctors noted moderate difficulties with concentration, persistence, and pace but the hypothetical merely limited the claimant to simple, routine tasks with occasional workplace changes); *O'Connor-Spinner*, 627 F.3d at 617, 620 (remanding where the hypothetical of restriction to repetitive tasks with simple instructions required remand

where the psychologist concluded that the claimant had a moderate limitation on concentration, persistence, and pace).

Accordingly, we REVERSE the judgment and REMAND to the district court with instructions to remand the case to the agency for further proceedings.