[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11494
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2011
JOHN LEY
CLERK

D. C. Docket No. 2:08-cv-00871-JES-SPC

CAROL M. LEONARD,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 19, 2011)

Before EDMONDSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Carol M. Leonard appeals the district court's decision affirming the Social Security Administration's denial of her application for social security disability insurance ("SSDI") benefits. See 42 U.S.C. §§ 405(g) & 1383(c)(3). On appeal, Leonard argues that the Social Security Administration's ("SSA") decision was not supported by substantial evidence and that the SSA made errors of law. After thorough review, we affirm.

## I.

We first review the procedural history of Leonard's case because it is relevant to this appeal. In 1997, an Administrative Law Judge ("ALJ") denied Leonard's first application for SSDI benefits based on his finding that Leonard could perform her past job as a telemarketer and was not disabled. The Appeals Council denied her request for review, and Leonard did not appeal. Leonard filed a new application for SSDI benefits in 2002. ALJ Joseph Dail denied her application, finding that Leonard was not disabled at any time during the period when she claimed she became disabled and before her last date insured. The Appeals Council denied Leonard's request for review, and Leonard appealed to the district court. The district court remanded the case, pursuant to 42 U.S.C. § 405(g), and asked the ALJ to resolve a conflict between the vocational expert's testimony, which ALJ Dail had relied on, and the job description for a

telemarketer in the Dictionary of Occupational Titles ("DOT").  The vocational expert ("VE") testified that a telemarketer's job could be performed by an individual limited to simple, repetitive tasks, whereas the DOT indicated that the job requires a higher skill level, which corresponds to a reasoning level of three. The Appeals Council vacated ALJ Dail's decision and remanded to ALJ F. H. Ayer.

In July 2008, ALJ Ayer denied Leonard's application, after the VE explained that, based on her twenty-five years of experience working as a vocational expert, she concluded that the job, as it existed in 1997, could be performed by someone with a lower skill level than the DOT indicated.  ALJ Ayer adopted by reference several of ALJ Dail's findings of fact and the reasoning behind those findings.  ALJ Ayer also made his own findings of fact based on his independent review of the record.  The Appeals Council denied Leonard's request for review, and she appealed to the district court.  The district court affirmed, holding that substantial evidence supported ALJ Ayer's conclusion that Leonard could perform her past relevant work as a telemarketer.

II.

We review de novo a district court's judgment reviewing a decision of the Commission of Social Security.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d

1253, 1260 (11th Cir. 2007). We review an agency's decision to determine if it is supported by substantial evidence. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quotation marks omitted). We must, however, conduct an "exacting examination of the [Commissioner's] conclusions of law." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

The Social Security regulations provide a five-step evaluation process for determining whether a claimant has proved that she is disabled. See 20 C.F.R. § 404.1520. First, the claimant must prove that she is not "doing substantial gainful activity." Id. at § 404.1520(a)(4)(i). Next, the claimant must prove that she has a "severe medically determinable physical or mental impairment" that "ha[s] lasted or [is] expected to last for a continuous period of at least 12 months." Id. at §§ 404.1520(a)(4)(ii) & 404.1509. At the third step, if the claimant proves that her impairment, or combination thereof, is a listed impairment, she is considered disabled. Id. at § 404.1520(a)(4)(iii). If the claimant's impairment is

4

not listed, she must prove that she can no longer do her "past relevant work." Id. at § 404.1520(a)(4)(iv). If the claimant proves she is unable to do past relevant work, the Commissioner must consider her "residual functional capacity and [her] age, education, and work experience to see if [she] can make an adjustment to other work." Id. at § 404.1520(a)(4)(v).

## III.

Leonard first asks us to reverse based on ALJ Ayer's reliance on factual findings made in Leonard's previous hearings.[1] ALJs may consider evidence from prior hearings. Cf. Wolfe v. Chater, 86 F.3d 1072, 1079 (11th Cir. 1996) (holding that ALJ's reliance on VE's testimony from two prior hearings was "appropriate"); 20 C.F.R. § 404.900 ("[W]e will consider at each step of the review process any information [a claimant] present[s] as well as the information in our records."); 20 C.F.R. § 404.1520(a)(3) ("We will consider all evidence in [a claimant's] case record when we make a determination or decision whether [a claimant] [is] disabled.").

ALJ Ayer did not err by relying on factual findings from Leonard's previous hearings. ALJ Dail considered the medical evidence Leonard submitted with her

---

[1] Leonard does not argue on appeal that ALJ Ayer reopened the prior final decision that ALJ Kogan issued with respect to Leonard's first application for SSDI benefits and does not seek to reopen that decision.

2002 claim, and ALJ Ayer properly incorporated Dail's factual findings based on this evidence. All medical evidence Leonard submitted on remand pertained solely to her condition on dates after her date last insured, and thus outside the relevant time period. Moreover, ALJ Ayer stated that he considered Leonard's entire record in deciding whether she was disabled.

IV.

Leonard next argues that ALJ Ayer erred by relying on parts of the VE's testimony that conflicted with the DOT.[2] "[W]hen the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." Jones v. Apfel, 190 F.3d 1224, 1229–30 (11th Cir. 1999). When an apparent conflict between the VE's testimony and the DOT arises, however, the ALJ "must elicit a reasonable explanation for the conflict before relying on the VE['s testimony]." See SSR 00-4p; 65 Fed. Reg. 75759 (Dec. 4, 2000). The ALJ must also "[e]xplain . . . how any conflict that has been identified was resolved." Id. The district court issued instructions to this effect on remand, after concluding that the VE's testimony conflicted with the DOT and that ALJ Ayer had "failed to elicit a reasonable explanation" for the discrepancy.

---

[2] We need not address Leonard's argument that the hypothetical question ALJ Ayer asked the VE was inadequate because Leonard waived this argument by failing to raise it before the district court. See Crawford, 363 F.3d at 1161; Jones, 190 F.3d at 1228.

6

In the hearing and decision ALJ Ayer issued after remand, he expressly addressed and resolved the apparent conflict between the VE's testimony and the DOT description of telemarketing. In his decision, ALJ Ayer explained that the VE clarified that telemarketing jobs required a lower skill level in 1997 than the DOT reported because, at that time, most telemarketing jobs required no experience or specific educational background. The VE also explained that the DOT reasoning levels are based on the highest reasoning level a person would need to perform a job. ALJ Ayer also reported that the VE noted that a telemarketing job is considered "unskilled" in the vocational rehabilitation field. He further noted that, according to the VE, many telemarketer jobs in 1997 merely involved reading a prepared script and arranging appointment times for prospective clients. According to ALJ Ayer, the VE reported that the work was "repetitive" and "rote." Thus, ALJ Ayer did not err by relying on the VE's testimony because he resolved the apparent conflict between her testimony and the DOT description.

We likewise reject Leonard's argument that ALJ Ayer erred by crediting the VE's testimony because it was unreliable and unsupported. The Commissioner may rely on a VE to "offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past

7

relevant work . . . ." 20 C.F.R. § 404.1560(b)(2); see also Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."). The VE who testified before ALJ Ayer testified that she had worked as a telemarketer for twenty-five years. Moreover, "an ALJ may rely solely on the VE's testimony" to support his finding. Jones, 190 F.3d at 1230. Therefore, the regulations allowed ALJ Ayer to rely on testimony from the VE based on the knowledge she gained through her personal experience as a telemarketer. See 20 C.F.R. § 404.1560(b)(2).

We find that Leonard's argument that the ALJ erred by failing to credit the VE's new testimony on remand lacks merit. In ALJ Ayer's final decision, he stated that he had considered the VE's testimony and that it did not change the outcome in the case. ALJ Ayer reached his conclusion that Leonard was capable of performing past relevant work as a telemarketer "[i]n light of all the evidence herein, including the recent testimony of the vocational expert."

We conclude that ALJ Ayer's determination that Leonard was able to perform her past relevant work as a telemarketer during the relevant period is supported by substantial evidence, including the VE's testimony. The district court, before remanding, held that substantial evidence supported a finding that

8

Leonard's job as a telemarketer constituted past relevant work. The VE opined, based on her knowledge and experience, that Leonard could have worked as a telemarketer during the relevant period despite her limitations.

AFFIRMED.